UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                   *
LEE HUTCHINS, SR.                  *
                                   *
        Plaintiff,                 *
                                   *   CIVIL ACTION NO.
    v.                             *
                                   *
DANIEL J. MCKAY, FELIX M.          *
ROMERO, THOMAS HERVIEUX, and       *
THE CITY OF SPRINGFIELD            *
                                   *
        Defendants                 *
                                   *
                                   *
                                   *
* * * * * * * * * * * * * * * * * *
```

## COMPLAINT

I. PARTIES

1. Plaintiff LEE HUTCHINS, SR., of Springfield is and was a resident of the State of Massachusetts and the United States of America at all times referred to in this complaint.

2. Defendant DANIEL J. MCKAY is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Springfield as a police officer with the Springfield Police Department.

3. Defendant FELIX M. ROMERO is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was

1

employed by the City of Springfield as a police officer with the Springfield Police Department.

4. Defendant THOMAS HERVIEUX is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Springfield as a police officer with the Springfield Police Department.

5. Defendant CITY OF SPRINGFIELD is a municipal corporation located within Hampden County, the Commonwealth of Massachusetts and the United States of America with principal offices at 36 Court Street, Springfield, Massachusetts.

6. All the INDIVIDUAL DEFENDANTS are being sued individually and in their official capacities.

7. At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were acting as employees, agents, or servants of Defendant CITY OF SPRINGFIELD.

8. At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were acting under color of state law.

9. At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were engaged in a joint venture.

II. JURISDICTION

10. Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. § 1983.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

III. <u>VENUE</u>

12. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§ 1391(b)(1) and (2) because the events at issue in the case arose and transpired in the Western Division of the District of Massachusetts.

IV. <u>FACTUAL ALLEGATIONS</u>

13. The incident giving rise to this action occurred on Daytona Street in the City of Springfield in the early morning hours of Sunday, January 20, 2013.

14. At that time, Plaintiff was forty-seven years old and lived on the second floor at 53 Daytona Street, a multi-family residence which he owned.

15. Years before the incident, Plaintiff began receiving disability benefits as a result of on-the-job injuries he suffered when he fell through a porch.

16. As a result of these injuries, Plaintiff endured physical pain on a daily basis and was limited in the range of physical tasks he could perform.

17. Also residing at 53 Daytona Street on the night of the incident were Plaintiff's twenty-six year-old son Lee Hutchins, Jr. (Lee, Jr.) and his twenty-four year-old son Keith Hutchins (Keith).

18. Lee Jr.'s bedroom was on the third floor and Keith had a room in the basement.

19. At approximately 12:12 p.m., Defendants MCKAY and ROMERO were dispatched to a location on Belmont Avenue to assist Vanessa Montero (Montero) in retrieving her two year-old son Ivan Montero (Ivan) from Lee, Jr., the child's father.

20. Defendants MCKAY and ROMERO followed Montero to 53 Daytona Street.

21. Upon their arrival at this address, Defendants MCKAY and ROMERO rang the doorbell and woke up Plaintiff, as well as several other occupants of the residence.

22. Plaintiff advised Defendants MCKAY and ROMERO that Ivan and Lee, Jr. were on the third floor sleeping.

23. Plaintiff then told Defendants MCKAY and ROMERO that he would go to the third floor and bring Ivan downstairs to Montero.

24. Defendant MCKAY and ROMERO did not wait for the child to be brought downstairs.

25. Defendant MCKAY and ROMERO unlawfully, without consent, and absent any emergency, entered into the residence at 53 Daytona Street and ascended the front set of stairs.

26. When they did so, Defendant MCKAY and ROMERO left Montero unattended on the front porch.

27. When Lee Jr. woke up and learned that Montero was at the residence with two police officers to take their child, he became upset and went down a back set of stairs to confront Montero.

28. Defendant ROMERO subsequently exited the residence and began using physical force to take Lee, Jr. into custody.

29. As Keith observed this interaction from the front porch, he reached the conclusion that Defendant ROMERO was using excessive force on Lee, Jr..

30. This led to efforts on the part of Keith to assist Lee, Jr. and prompted Defendant MCKAY to begin using force to arrest Keith.

31. During the ensuing physical altercation, Plaintiff attempted to assist the police in taking his two sons in custody in the hopes that this would deescalate the situation.

32. As Plaintiff attempted to do so, Defendant MCKAY pepper-sprayed Plaintiff.

33. This administration of pepper-spray against Plaintiff was not justified.

34. The pepper-spray caused Plaintiff intense pain and resulted in his temporary blindness.

35. At this point Defendant HERVIEUX and his partner Christopher Goodrow arrived on the scene.

36. Despite the fact that Plaintiff was suffering the effects of the pepper-spray and posed no threat to any of the officers, Defendant HERVIEUX struck Plaintiff twice with his baton, knocking Plaintiff to the ground.

37. Plaintiff was subsequently handcuffed and transported to the police station at 130 Peal Street for booking.

38. Defendant MCKAY then drafted a police report that served as the basis for a criminal complaint application against Plaintiff for disorderly conduct, two counts of assault and battery of a police officer, and resisting arrest.

39. MCKAY deliberately falsified the allegations that led to the issuance of a complaint for these charges.

40. On September 10, 2014, Plaintiff was acquitted of all charges after a jury trial before the Honorable William P. Hadley, Justice of the Springfield District Court.

41. At all pertinent times, the Defendant CITY OF SPRINGFIELD and its policy makers knew of their legal duty to train, supervise, monitor, and discipline

members of the City's police force to observe the rights of persons, including their right to be free from the use of excessive force at the hands of police.

42. At all pertinent times, the Defendant CITY OF SPRINGFIELD, its policymakers, and the Springfield Police Department, failed to monitor, train, supervise, control and discipline the individual Defendants in the use of force with such recklessness and gross negligence as to manifest deliberate indifference to the right of persons, including Plaintiff, to be free from excessive force.

43. Prior to the incident on January 20, 2013, the Defendant CITY OF SPRINGFIELD, its policymakers and the Springfield Police Department were aware of complaints and claims alleging use of excessive force and other civil rights violations on the part of the Springfield Police officers, but on information and belief such allegations did not result in substantive investigation into such incidents or discipline of officers.

44. One such allegation of excessive force was lodged anonymously on or about October 13, 2011.

45. This complaint directed supervisory officers to a You Tube video entitled, "Springfield Police Brutality, Springfield's Finest."

46. This one minute, twenty-seven second recording depicts Defendant MCKAY assaulting a female who had just been pepper-sprayed by another officer.

47. Upon information and belief, video evidence of Defendant MCKAY's use of excessive and unnecessary force on this occasion did not result in appropriate discipline and/or retraining and this failure to monitor, train, supervise, control and/or discipline Defendant MCKAY led him and the other Individual Defendants

to conclude that their future actions would not be properly monitored by supervisory officers and that any misconduct on their part would be tolerated.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – UNLAWFUL ENTRY
**(McKay and Romero)**

48. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

49. The aforesaid actions and conduct by Defendants MCKAY and ROMERO violated Plaintiff's right to be free from an unreasonable warrantless intrusion into his home as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
**(McKay, Romero, and Hervieux)**

51. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

52. The aforesaid actions and conduct by Defendants MCKAY, ROMERO, and HERVIEUX violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

53. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (McKay and Hervieux)

54. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

55. The aforesaid actions and conduct by Defendants MCKAY and HERVIEUX violated Plaintiff's rights to be free from the use of unreasonable and excessive force and summary punishment as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

56. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO DISCIPLINE AND TRAIN
### (City of Springfield)

57. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

58. Prior to January 20, 2013, Defendant CITY OF SPRINGFIELD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Springfield.

59. Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force during street encounters with civilians.

60. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant CITY OF SPRINGFIELD, and were the cause of a violation of Plaintiff's rights alleged herein.

61. As a direct and proximate result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT V – ASSAULT AND BATTERY
### (McKay and Hervieux)

62. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

63. The above-described actions of Defendants MCKAY and HERVIEUX constituted an assault and battery as defined under the common law of the Commonwealth of Massachusetts.

64. As a direct and proximate cause of the above-described behavior of Defendants MCKAY and HERVIEUX, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT VI – FALSE ARREST AND IMPRISONMENT
### (McKay, Romero and Hervieux)

65. Plaintiff repeats and re-alleges paragraphs 1-47 of this complaint.

66. The above-described actions of Defendants MCKAY, ROMERO and HERVIEUX constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

67. As a direct and proximate cause of the above-described behavior of Defendants MCKAY, ROMERO, and HERVIEUX, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT VII - MALICIOUS PROSECUTION
### (McKay, Romero and Hervieux)

68. Plaintiff re-alleges paragraphs 1-47 and incorporates them herein by reference.

69. The aforesaid actions and conduct of the Defendants MCKAY, ROMERO, and HERVIEUX constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

70. As a result of the malicious prosecution of Plaintiff by the above-named Defendants, he suffered great pain of mind and body and was otherwise damaged.

### COUNT VIII - ABUSE OF PROCESS
**(Mckay, Romero and Hervieux)**

71. Plaintiff re-alleges paragraphs 1-47 and incorporates them herein by reference.

72. The aforesaid actions and conduct of the Defendants MCKAY, ROMERO, and HERVIEUX constituted abuse of process under the laws of the Commonwealth of Massachusetts.

73. As a result of the abuse of process by the above-named defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

    a) Award compensatory damages;
    b) Award punitive damages;
    c) Award interest and costs of this action to Plaintiff;
    d) Award attorneys' fees to Plaintiff; and
    e) Award such other relief which this Court deems just and proper.

\* \* \* \* \* \* \*

PLAINTIFF DEMANDS A JURY TRIAL

Respectfully Submitted,
THE PLAINTIFF,

By /s/ David Hoose
   /s/ Luke Ryan
DAVID P. HOOSE, BBO#239400
LUKE RYAN, BBO#664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, Third Floor
Northampton, MA 01060
(413) 586-4800