UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE HUTCHINS, SR. | |
| Plaintiff, | NO. 16-cv-30008-NMG |
| v. | |
| DANIEL J. MCKAY, FELIX M. ROMERO, THOMAS HERVIEUX, and THE CITY OF SPRINGFIELD | |
| Defendants | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE ORDER TO BIFURCATE THE CASE TO ORDER THE CASE AGAINST THE INDIVIDUAL OFFICERS TO BE TRIED FIRST

*Introduction*

On September 27, 2018, at the status conference, this Court expressed that it does not see the need to bifurcate this case (Dkt. No. 98). Neither does the Plaintiff.

The Defendants' motion to amend the order to bifurcate is nothing more than an attempt to get another bite at the apple on this issue. The Defendants moved for bifurcation and this issue was litigated before Judge Ponsor in Springfield (Dkt. No. 32). Plaintiff opposed (Dkt. No. 50). Judge Ponsor allowed the motion to bifurcate and ordered that the *Monell* claim be tried first (Dkt. No. 65).

1

The defendants then sought an order certifying and amending Judge Ponsor's January 16, 2018, order on bifurcation (Dkt. 67). That request was denied (Dkt. No 81). Now, the Defendants again seek an amendment to the Order that would bring their vision for the trial of this case to life.

*Argument*

The Plaintiff asserts that this Honorable Court has the discretion to adhere to its usual practice of not bifurcating claims, and should do so in this case.

The Defendants submitted a lengthy memorandum on this previously addressed issue. Judge Ponsor's April 23, 2010, Mem. and Order Regarding the Defendant's Motion to Certify and Amend (Dkt. No. 67), addresses the crux of the Defendants' argument:

> Defendant's concern that the ordering of the trial will result in the City potentially suffering liability based upon an invalid theory of respondeat superior, or without a finding that Plaintiff suffered a constitutional tort at the hands of one of the Defendant officers, is misplaced. To obtain judgment at trial against the City, Plaintiff will bear the burden of proving the existence of a custom or policy of the City that bore a sufficient causal relationship to an actual violation of Plaintiff's constitutional rights by one of the Defendant officers. If (for example) a custom or policy is proved, but without adequate proof of its casual relationship to the violation of Plaintiff's constitutional rights by one of the Defendant officers, then the City will be entitled to a verdict in its favor. The court will make this clear to the jury.

Bifurcation is the exception, not the rule. *DeVito v.* Barrant, 2005 WL 2033722 *1, 11 (Aug. 23, 2005). Bifurcation is also "a matter peculiarly within the discretion of the trial court." *Gonzalez-Martin v. Equitable Life Assur. Soc. of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988). Fed. R. Civ. P. 42(b) provides that for separate trials "for convenience, to avoid prejudice, or to expedite and economize."

Here, those factors weigh in Plaintiff's favor. *See* Avery, Rudofsky, Blum, Police Misconduct Law and Litigation Third Edition, § 11:8, p. 846 (2018) (noting that "the factor of

2

judicial economy will . . . be in the plaintiff's favor.") Two separate trials will unnecessarily add time and expense to an issue that can and should be addressed through jury instructions. *See Foley v. City of Lowell*, 948 F.2d 10, 14 (1st Cir. 1991) (where plaintiff introduced "a series of witnesses who laid various atrocities at the Department's doorstep" suggesting that Department "routinely ignored complaints about the use of excessive force" and the jury was properly instructed that this evidence was only admitted against the City); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 807 (9th Cir. 2018) (where "some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice.").

"[O]ur system generally trusts jurors to understand and follow limiting instructions regarding consideration of evidence against some defendants and not others -- even in criminal cases, where a person's liberty is at stake." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 897 (N.D. Ill. 2000). *See also Avery,* § 11:8, pg. 846 (describing the "inclination of courts to rely upon limiting instructions rather than bifurcated" trials as another factor that "will run in the plaintiff's favor."). There is no reason to believe that jurors who have been sworn to follow instructions will be unable to do so in this case.

Moreover, the individual defendants assert that they are entitled to qualified immunity.[1] If bifurcation is granted, this could create a scenario where the jury determines that the officers violated Mr. Hutchins' rights, but were protected from liability by qualified immunity. This would not preclude the City from being held responsible and would not obviate the need for a

---

[1] As this Court is aware, the Defendants sought an interlocutory appeal regarding their claim to qualified immunity. On November 8, 2018, the United States Court of Appeals for the First Circuit entered Judgment dismissing their appeal.

3

second trial. *See Prue v. Syracuse*, 26 F.3d 14, 18 (2nd Cir. 1994). The argument "routinely advanced" in favor of bifurcation is that the matter could be resolved less expensively and at an earlier stage. *McCoy v. City of New York*, 2008 WL 3884388 *1 (E.D.N.Y. Aug. 13, 2008).

In *McCoy*, the court addressed that argument: it "glosses over an important fact: 'under *Monell* municipal liability for constitutional injuries may be found to exist even in the absence of individual liability.' *Id.* (citation omitted). This may occur when a jury concludes that "individual defendants violated the plaintiff's rights but enjoy qualified immunity, or of a finding that the plaintiff's injuries are not solely attributable to the actions of the named individual defendants." *Id.* Here, all three individual officers have claimed qualified immunity. A verdict in favor of those defendants will not lead to an "earlier and less costly disposition." *Id.* (citation omitted).

Two trials would undoubtedly require the overlapping of evidence between the City and the officers. To require Plaintiff to produce the same evidence twice is an unnecessary waste of judicial resources. *See DeVito*, WL 2033722 *11 ("Just as bifurcation may save judicial resources, it could cause a waste of judicial resources if witnesses and evidence must be presented twice.")(citing *Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992). To recover against the City, the Plaintiff will need to prove that one of the officers violated his rights, requiring him to duplicate evidence at both trials if bifurcation is granted. He will also need to show that :

> (1) the municipality had a custom, policy, or practice of failing to investigate, discipline, supervise, or train its officers; (2) this custom, policy, or practice was such that it demonstrated a 'deliberate indifference' to the rights of those citizens with whom its officers came into contact; and (3) the custom, policy, or practice was the direct cause of the alleged constitutional violation.

4

*Cox v. Murphy*, Civil No. 12-11817-FDS, 2016 WL 4009978, at *7 (D. Mass. Feb. 12, 2016) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978); *DiRico v. City of Quincy*, 404 F.3d 464, 468-69 (1st Cir. 2005)). To do so, he will need to use evidence introduced at the trial of the individual officers. The substance and nature of these claims are intertwined, and judicial economy will not be served by requiring the Plaintiff to put on the same evidence twice.

For the foregoing reasons, the Defendants' Motion should be denied. Further, this matter should not be bifurcated and proceed to a joint trial against the City of Springfield and the three individual officers.

Respectfully Submitted,
THE PLAINTIFF,

By /s/ Luke Ryan
LUKE RYAN, BBO#664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, Third Floor
Northampton, MA 01060
(413) 586-4800

### CERTIFICATE OF SERVICE

I, LUKE RYAN, hereby certify that the foregoing was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 13, 2018.

/s/ Luke Ryan, Esq.
BBO#664999
Sasson, Turnbull, Ryan & Hoose
100 Main Street, 3rd floor
Northampton, MA 01060
(413) 586-4800
lryan@strhlaw.com