# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

LEE HUTCHINS, SR.                          )
    Plaintiff,                            )
v.                                         )     **CIVIL ACTION NO. 3:16-cv-30008**
                                           )
DANIEL J. MCKAY, FELIX M ROMERO,           )
THOMAS HERVIEUX and                        )
THE CITY OF SPRINGFIELD                    )

### *DEFENDANTS PROPOSED DESIGNATIONS OF PORTIONS OF WILLIAM FITCHET'S DEPOSITION TESTIMONY TO BE OFFERED AT TRIAL*

      I.     Agreed Requests

Both the Plaintiff and the Defendants agree on the following requests to exclude[1]:

1. Page 4, line 1 through Page 5, line 4. This is the introduction furnished by the videographer.

2. Page 5, line 17 through Page 7, line 2. These lines address the reasons for the preservation of the witness' testimony and acknowledge the existence of the City's motions in limine that had not been ruled on by the day of the recording.

3. Pages 16, lines 16 through 20; Page 17, line 18; Page 18, line 15; Page 21, lines 10 through 14; Page 23, line 14; Page 24, lines eight through 10; Page 26, line 12; Page 27, line 19; Page 30, lines 4 through 6; Page 36, line 4; Page 37, lines 13-14;

---

[1] Defendant relies upon and refers to the transcript of the deposition of William Fitchet attached to Plaintiff's proposed designations of Fitchet's deposition, ECF Document 136-1. Once the videographer produces the video, Plaintiff and Defendant both propose editing the recording in a manner consistent with the edits approved by this Court. Defendant understands it is Plaintiff's intention to offer an edited version of the video at trial, as opposed to the transcript.

Page 38, line 12; Page 62, lines 20 through 23; Page 80, lines 9 through 16;2 Page 80, line 24; Page 81, lines 1-2; Page 85, line 24; Page 86, line 3, Page 89, line 22; Page 92, lines 18-20; Page 94, line 11; Page 96, lines 8-9; Page 99, line 10; Page 100, lines 15-17; Page 105, lines 10-12; Page 105, line 20 through Page 106, line 13;3 and Page 107, line 9. These are *objections* undersigned counsel lodged throughout the deposition to preserve the City's rights with respect to the motion in limine on prior complaints against the individual officers (Dkt. No. 111) that had yet to be decided. The City has filed a motion to amend so much of the Court's order on the motions in limine to further address these records. Regardless of the Court's further ruling on the motion to amend, both parties agree that the portions of the video that contain defense counsel objecting should be stricken.

4.  Page 34, lines 14 through 17. Having reviewed the transcript, undersigned counsel withdraws the objection and agrees that portion of the transcript should be stricken.

5.  Page 58, lines 5 though 24. Both parties agree this answer was a product of speculation and should be stricken.

6.  Page 59 lines 12 through 24. Both parties agree that due to lack of foundation both the question and the answer should be stricken.

7.  Page 76, lines 4 through 17. This concerns a break in the proceeding and comments by the videographer.

8.  Page 91, lines 12-13. This concerns the whereabouts of a letter of reprimand Defendant McKay received but was not retained by the City. Defendant withdraws the objection.

9.  Page 103, line 23 through Page 105, line 2. This concerns an objection lodged regarding counsel's representation as to the contents of a document. For the sake of clarity and streamlining the presentation of evidence, the parties propose excising the lines identified above.

10. Page 110, line 1 through Page 111, line 9. This concerns an extraneous discussion between counsel and the videographer.

11. Page 134, lines 10 through 18. This concerns a question posed by the undersigned that called for speculation. Having reviewed the transcript, counsel agrees this was a valid objection and agrees the lines designated should be stricken.

II.   Defendants' request to exclude additional portions of the testimony:

1.  Page 12, lines 9 through 24; Page 13, lines 1 through 14. These questions elicit testimony regarding the lack or body and/or cruiser cameras used by the Springfield Police Department. It is being offered in support of the *Monell* claim against the City of Springfield. The standard under Monell is that a policy practice or custom has to be such that that the [Police Department] can reasonably be said to have been "deliberately indifferent." *City of Canton, Ohio v. Harris*, 489 U.S. at 390, 109 S.Ct. 1197. There is no evidence that the use of such cameras is required by law, or by reasonable practice. While perhaps an argument could be made that such evidence would support a negligence claim, it cannot support liability under *Monell*. The introduction of this line of questioning,

therefore, is wholly irrelevant, and the potential prejudice outweighs any possible relevance. Moreover, there would be a necessity of expert testimony to support a conclusion that the use of such technology is even generally accepted police practice now, never mind when the events in question arose, which was 2013.

2. Page 41, lines 8 through page 43, line 4. This objection relates to a line of questions involving the settlement of a 16 year old case, *Cotto v. Springfield*, et al. First, the deponent testified he had no knowledge of the case, and there is no foundation from which the deponent could answer the questions posed, other than reading from a document that was wholly unfamiliar to him. Moreover, the issue of whether the Cotto case did or did not settle is not relevant to the case at bar. Counsel has indicated he intends to use the settlement in support of his *Monell* claim against the City. There is no pattern, practice or policy reflected in one civil matter settling some 16 years prior. Moreover, there were multiple defendants named in that matter, including the City, the Chief of Police, Hervieux and seven other officers. There is nothing in the record to support that it was any action of Hervieux that lead to the settlement, so there is no relevance to this action established. Finally, the Court has held that evidence of prior settlements involving the same officers is not admissible if the settlements "were decided on the basis of negotiations, not findings of fact." *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir., 1989). "The considerations leading to a settlement are many and varied; at times they have little to do with the basic facts of a case. These … cases, therefore, cannot be used to prove custom or practice." *Id.* For

the foregoing reasons, the questions and responses relating to the settlement in the *Cotto v. Springfield*, *et al* case should be stricken.

3. Page 51, line 20 through page 62, line 24; and this line of questioning all involved review of Officer Hervieux' military related document, and speculation about his having sustained a traumatic brain injury (TBI) while deployed, whether Hervieux had sustained a TBI the deponent would have wanted to be aware of the injury, the type of "transitional care" Hervieux would have had in the army. The deponent testifies he was not aware of Hervieux' injuries, does not know what kind of medical care Hervieux had in the army, and that the City relied upon the military to clear officers medically to return to work. The City objected to this line of questioning because, firstly, there is no foundational basis. Fitchet testified he was unaware of Hervieux' injuries. Further, there is no medical documentation anywhere in the record of this deposition, or in this case, that supports or even suggests that Hervieux was rendered unfit to return to duty as a police officer due to his war time injuries, and thus the question assumes facts not in the record, requires speculation of an untrained lay witness, and raise highly prejudicial and unsupported inferences. Any possible relevance is outweighed by this potential prejudice. Later in this deposition, Fitchet stated he had no training in neurology or any knowledge of what a TBI even is, or whether it would render someone unfit for duty as a police officer. (page 127, line 3 to page 129, line 5). Finally, counsel has indicated that he intends to offer this evidence in support of Plaintiff's *Monell* claim. There is no expert testimony or any testimony supporting the implied proposition that it is appropriate or necessary for a police

department to make special inquiry about service related injuries to police officers returning from active duty. Even assuming *arguendo* that such a proposition was supported in the record, which it is not, it is certainly not evidence of the type of willful deliberate indifference to the rights of the citizens of Springfield that *Monell* requires. Assuming, again, arguendo, that it rose to such a level, there is no evidence in the record causally connecting any injury received by Hervieux to the events involving the Plaintiff on January 20, 2013. Finally, failure to investigate Hervieux' medical injuries received when deployed could not support a finding of a pattern and practice to support *Monell* liability. Accordingly, the Defendants ask for these portions of the deposition to be excluded.

4. Page 76, lines 19 through Page 79, line 4. This concerns evidence of a motor vehicle accident that resulted in Defendant Hervieux being declared disabled and unable to work from August to November 2012. The deponent testifies he was not aware of Hervieux' injuries, or the motor vehicle accident, and that he would assume Hervieux had been medically cleared to return to his duties as a police officer. The City objected to this line of questioning because, firstly, there is no foundational basis. Fitchet testified he was unaware of Hervieux' injuries. Further, there is no medical documentation anywhere in the record of this deposition, or in this case, that supports or even suggests that Hervieux was rendered unfit to return to duty as a police officer due to his motor vehicle related injuries, and thus the question assumes facts not in the record, requires speculation of an untrained lay witness, and raise highly prejudicial and unsupported inferences. Finally, counsel has indicated that he intends to offer this

evidence in support of Plaintiff's *Monell* claim. This is not evidence of the type of willful deliberate indifference to the rights of the citizens of Springfield that *Monell* requires. Assuming, again, arguendo, that it rose to such a level, there is no evidence in the record causally connecting any injury received by Hervieux to the events involving the Plaintiff on January 20, 2013. Finally, Hervieux returning to work after a motor vehicle accident failure could not support a finding of a pattern and practice to support *Monell* liability. Accordingly, the Defendants ask for these portions of the deposition to be excluded.

5.  Page 144, line 16 to pag3 143, line 1.  This concerns a question as to whether Fitchet would have consulted an expert if he had he known of Hervieux's TBI. Defendant therefore proposes that the identified testimony be excluded for the reasons set forth in paragraph 3, above.

6.  IIU investigation number 08-072 and 08-072A:  Page 16, line 10, through Page 27, line 22; Page 28, line 18 through Page 30, line 18; Page 35, line 17 through line 22; Page 43, line 5 through  23. This line of questioning related to an IIU incident in which Defendant Hervieux was one of the officers named.  Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield.  The City objects to this evidence first on the basis of lack of foundation; the deponent testified that he has no memory of the complaint or the investigation.  He is not the investigator, but rather relied in part on the investigation in determining whether and to what extent to impose discipline.  Next, the report contains totem pole hearsay; statements are taken from numerous witnesses, none under oath, and then recalled by the investigators

for the IIU, and typed into the report.  Further, the report speaks for itself, and allowing Plaintiff to read only the complainants recitation of events into the record through questions to the Deponent is highly prejudicial and not relevant. Plaintiff has alleged that the records are not being offered for the truth of the matter asserted, but rather as evidence of the procedure at the City by which such complaints were investigated.  If that is true, the inquiry should be limited to the process followed, and not get into the specifics of the complaint and the statement of various witnesses.  What is clear from the records and the testimony of Fitchet is that the City clearly had a practice, policy and detailed procedure to investigate complaints of police misconduct, including complaints of excessive force. This is not the type of evidence that could reasonably support a *Monell* liability, which as set out above requires a showing that a policy practice or custom has to be such that that the [Police Department] can reasonably be said to have been "deliberately indifferent." *City of Canton, Ohio v. Harris*, 489 U.S. at 390, 109 S.Ct. 1197.  The testimony Plaintiff seeks to admit not only does not support that finding, it invites the jury to second guess the investigators and decision makers involving a matter with salacious complaints, but very little substance.  The likelihood of prejudice to the named officer and the City under such a scenario is very high, and given the standard of *Monell*, the relevance to the within matter is extremely low.  Accordingly, Defendant therefore proposes that the identified testimony be excluded for the reasons set forth herein.

If the exclusion of this testimony is allowed, the defendant also seeks redaction of the related cross examination by undersigned counsel located at Page 111, line 18 through Page 117, line 9.

7. IIU involving complainant Cotto; Page 37, line 8 through Page 41, line 10. This line of questioning involves a complaint of misconduct and excessive force made against Officer Hervieux and others in 2002, and was discussed in objection 2, above, relative to the admissibility of the settlement of a civil action arising out of the same events. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above.

If the exclusion of this testimony is allowed, the Defendants also seeks redaction of the related cross examination by undersigned counsel located at Page 121, line 14 through Page 125, line 15.

8. IIU investigation involving a William Motley; Page 63, line 10, through line 9; Page 73, line 22 through Page 76, line 3. This line of questioning related to an IIU incident in which Defendant Hervieux was one of the officer's named. Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above.

9. Various other IIU complaints against Hervieux; Page 79, line 6 through Page 84, line 17. This line of questioning summarily relates to additional allegations made against Hervieux. Plaintiff has indicated an intention to use this evidence in

support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above.

10. IIU complaint by a TS against McKay; Page 86, line 5, through Page 91, line 4. This line of questioning related to an IIU incident in which Defendant McKay was named. Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above. Moreover, the complainant's complaint that McKay took her camera, which was subsequently damaged, resulted in discipline. Further, the complaint was substantially dissimilar to the complaints herein.

   If the exclusion of this testimony is allowed, the defendant also seeks redaction of the related cross examination by undersigned counsel located at Page 134, line 20 through Page 138, line 18.

11. IIU complaint with SO No. 11148, against McKay; Page 93, line 3, through Page 100, line 5. This line of questioning related to an IIU incident in which Defendant McKay was named. Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above. Moreover, this matter was investigated as a result of an internal investigation after a "You-Tube" video came to light, and not as the result of a citizen's complaint. Finally, the

Defendants are also objecting to the introduction of the "You-Tube" video which Plaintiff had the deponent watch (Page 94, line 16-18). The grounds for the objection to the admission of the "You-Tube" video are that it contains hearsay, there is no foundation, it has been manipulated by the addition of graphics, the addition of music, and the same very brief clip is played multiple times and at manipulated speeds.

If the exclusion of this testimony is allowed, the Defendants also seeks redaction of the related cross examination by undersigned counsel located at Page 138, line 19 through Page 141, line 15.

12. IIU complaint by "SM", against McKay; Page 100, line 19 through Page 103, line 17. This line of questioning related to an IIU incident in which Defendant McKay was named. Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above.

13. IIU complaint against McKay from 2010; Page 105, line 3, though line 15. This line of questioning related to an IIU incident in which Defendant McKay was named. Plaintiff has indicated an intention to offer this evidence in support of the *Monell* claim against the City of Springfield. The Defendants object to the identified portion of the testimony relative to the IIU investigation for all of the same reasons set out in objection number 6, above. Moreover, this matter was investigated as a result of an internal investigation, and not as the result of a citizen's complaint of excessive force.

14.  CPHB Annual report; Page 107, line 11, through 109, line 24.  In this line of questioning counsel for the Plaintiff seeks to use totem pole hearsay, with no foundation, by having the deponent read into the record a recommendation from the Citizen's Police Hearing Board about the use of cruiser cameras.  The section read from includes a long alleged quote from another source (purportedly the International Association of Chiefs of Police) regarding the use of such cameras. The Defendants object to this line of questioning based upon totem pole hearsay, lack of foundation, and relevancy.  Without an expert to testify regarding the use of such cameras there is no basis for the jury to draw any conclusions about the lack of use of the cameras in Springfield in 2013. Failure of the City of Springfield to have such technology, which is neither required by law nor widespread, cannot provide evidence of the kind of deliberate indifference required in order to impose liability under a *Monell* theory;  thus the likelihood of prejudice is high and the relevancy is low.  Moreover, neither Fitchet, nor the author of the quoted report, nor whoever conducted the study has been qualified as an expert in this matter, and thus the opinions expressed about the use of cameras is inappropriate.  Finally, the use, or non-use, of cruiser cameras cannot be causally connected to the events of January 20, 2013, and thus are inadmissible on those grounds, as well.

Respectfully Submitted:

**The Defendants,**

By its attorneys,

/s/  Lisa C. deSousa
Lisa C. deSousa, Esq.  BBO # 546115
Kathleen E. Sheehan,  Esq. BBO # 456910
Jeremy Saint Laurent,  Esq. BBO # 689682
City of Springfield Law Department
1600 East Columbus  Ave., Second Floor
Springfield, MA  01103
Phone:  413-787-6085
Fax:      413-787-6173
ldesousa@springfieldcityhall.com
ksheehan@springfieldcityhall.com
jsaintlaurent@springfieldcityhall.com


/s/ Kevin B. Coyle
Kevin B. Coyle, Esq. BBO#103540
1299 Page Boulevard
Springfield, MA 01104
Tel: (413) 787-1524
attycoyle@aol.com




**Certificate of Service**

The undersigned  hereby certifies that a true copy of the within document  was this day served upon all counsel via the Federal Court's ECF Notice and delivery System to all parties.

SIGNED under the pains and penalties of perjury.

Dated:    January 19, 2019                                    /s/  Lisa C. deSousa
                                                                         _____
                                                                         Lisa C. deSousa, Esq.