# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LEE HUTCHINS, SR., | |
| Plaintiff, | NO.  3:16-cv-30008-NMG |
| v. | |
| DANIEL J. MCKAY, FELIX M. ROMERO, THOMAS HERVIEUX, and THE CITY OF SPRINGFIELD, | |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS OPPOSITION TO PLAINTIFF'S REQUESTED ATTORNEYS FEES, COSTS and PRE-JUDGMENT INTEREST

NOW COME THE DEFENDANTS, in the above-captioned matter and hereby oppose Plaintiff's Motion for Attorneys' fees, costs and pre-judgment interest as filed with this Honorable Court. As reasons therefore the Defendants put forth the following argument.

I.    <u>Introduction</u>

Following a five day trial, a jury returned a verdict in favor of the Plaintiff, Lee Hutchins, Sr. (Hutchins) in the amount of $250,000.00 under Count III against Defendant Thomas Hervieux (Hervieux) for Excessive Force in violation of the 4th 5th and 14th Amendments to the U.S., and for Assault and Battery under Massachusetts common law.  Additionally, the jury found the City of Springfield (City) liable under 42 USC §§ 1983 for alleged failure to discipline, or having an unlawful policy or procedure.  The jury further found that Defendants Daniel McKay (McKay) and Felix Romero (Romero) unlawfully entered Hutchins' home in violation of the 4th and 14th Amendment to the U.S. Constitution, but awarded no damages under that theory.  The jury found

in favor of McKay, Romero and Hervieux for a False Arrest in violation of the 4th and 14th Amendments to the U.S. Constitution under 42 USC § 1983; for False Imprisonment and Abuse of Process under Massachusetts common law, in favor of McKay for Excessive Force under in violation of the 4th 5th and 14th Amendments to the U.S Constitution, and Assault and Battery under Massachusetts common law.   The Plaintiff prevailed on less than 50 % of the claims brought.

Hutchins has now brought a claim for over $200,000 in alleged attorneys' fees and costs. The City does not contest that the Plaintiff is entitled to some attorneys' fees and costs as a prevailing party in a civil rights action; rather the City challenges the amount of the fees sought as being unreasonable in both the amount of time claimed and in the hourly fee sought, and further that the fee claimed fails to account for the amount of time spent litigating failed claims against exonerated defendants.  Further the inclusion of lodging for counsel and for plaintiff is inappropriate in this matter.  Finally, the Plaintiff has waived his right to pre-judgment interest under federal law, and cannot ask for attorneys' fees under federal law and interest under state law.

II.   Argument

A.   Attorneys' Fees

1.   Lodestar method

Ordinarily the lodestar method is employed when determining reasonable attorneys' fees for a prevailing plaintiff.  *Torres–Rivera v. O'Neill–Cancel*, 524 F.3d 331, 336 (1st Cir.2008). The lodestar approach "contemplates judicial ascertainment of 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' as the starting point in constructing a fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d

40 (1983). Based upon their presentation, it appears that the Plaintiffs are anticipating that is the method the Court will employ in this case. In fashioning the lodestar, the court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case, and may disallow time spent in litigating failed claims. *Torres-Rivera,* 524 F.3d at 336. Though the prevailing party is under an obligation to submit a request for fees that includes its calculations of hours expended multiplied by a requested hourly rate, the Court "has a right-indeed, a duty – 'to see whether counsel substantially exceeded the bounds of reasonable effort.'" *United States v. Metropolitan Dist. Comm'n.* 847 F.2d 12, 17 (1st Cir. 1988)(quoting *Pilkington v. Bevilacqua,* 632 F.2d 922, 925 (1st Cir.1980)). "[T]he [attorney's] bill need not be swallowed whole by the client's litigation adversary just because it is the [attorney's] bill." *Id.*

The Court, then, must engage in a thoughtful analysis of the number of hours expended and the hourly rates charged to ensure that both are reasonable. In this way, the trial court, "though adhering to the time-and-rate-based method of fee calculation, may fashion a lodestar which differs substantially from the fee requested by the prevailing party." *Coutin v. Young & Rubicam P.R., Inc.,* 124 F.3d 331, 337 (1st. Cir.1997).

2.   Reasonable Hours Expended

Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel actually spend on the case 'and then subtract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary.'" *Lipsett,* 975 F.2d 934, 937 (1992) (alteration in original) (quoting *Grendel's Den, Inc., v. Larkin,* 749 F.2d 945, 950 (1st Cir.1984)); *see also Coutin,* 124 F.3d at 337. In doing so, "the presiding judge must 'draw[] on [her] own experience and wisdom [in] deciding whether the time spend on each phase was in

excess of a reasonable amount.'" *Metropolitan Dist. Comm'n,* 847 F.2d at 18 (first and third alterations in original) (quoting *Gabriele v. Southworth,* 712 F.2d 1505, 1507 (1st Cir.1983)).

In the instant case, the hours billed for routine matters are beyond what any person would consider "reasonable".  From drafting of the Complaint, through the trial itself, the hours are excessive.

Turning first to the pleadings, it is necessary to review the actual work done.  This was a relatively straight forward civil rights claim, and, indeed, the Plaintiff did not hire any expert witnesses in this matter.  The discovery was not extensive, and there were no significant discovery disputes.  No discovery related motions were filed by any party.   Notwithstanding the relative straightforward nature of the allegations, the Plaintiff is seeking 17.4 hours of attorneys' fees for merely drafting the complaint.

### COMPLAINT

| ATTORNEY NAME | DATE | HOURS | AMOUNT BILLED |
|---|---|---|---|
| Samantha LeBoeuf | 10/21/2015 | 5.5 | $550.00 |
| Samantha LeBoeuf | 10/26/2015 | 0.5 | $50.00 |
| Samantha LeBoeuf | 10/28/2015 | 3.0 | $300.00 |
| Samantha LeBoeuf | 11/9/2015 | 0.5 | $50.00 |
| Samantha LeBoeuf | 11/23/2015 | 0.5 | $50.00 |
| Samantha LeBoeuf | 12/7/2015 | 0.8 | $80.00 |
| | TOTAL: | 10.8 | $1,080.00 |
| Luke Ryan | 8/28/2015 | 3.2 | $1,040.00 |
| Luke Ryan | 10/28/2015 | 0.5 | $162.50 |
| Luke Ryan | 11/18/2015 | 1.8 | $585.00 |
| Luke Ryan | 1/13/2016 | 1.1 | $357.50 |
| | TOTAL: | 6.6 | $2,145.00 |

The Defendants request the time for drafting the complaint be capped at four (4) hours.

The City and each of the named defendants sent routine interrogatories to the plaintiff. Copies of the answered interrogatories are submitted with this opposition. The billing submitted for answering these routine interrogatories is nearly 30 hours:

**DISCOVERY RESPONSES**

| ATTORNEY NAME | DATE | HOURS | AMOUNT BILLED |
|---|---|---|---|
| Samantha LeBoeuf | 8/16/2016 | 2.0 | $200.00 |
| Samantha LeBoeuf | 8/19/2016 | 3.0 | $300.00 |
| Samantha LeBoeuf | 8/19/2016 | 0.7 | $70.00 |
| Samantha LeBoeuf | 8/24/2016 | 2.1 | $210.00 |
| Samantha LeBoeuf | 8/31/2016 | 0.5 | $50.00 |
| **TOTAL:** | | **8.3** | **$830.00** |
| Howard Sasson | 8/16/2016 | 1.9 | $570.00 |
| Howard Sasson | 8/17/2016 | 1.3 | $390.00 |
| Howard Sasson | 8/26/2016 | 1.6 | $480.00 |
| Howard Sasson | 8/29/2016 | 2.6 | $780.00 |
| Howard Sasson | 8/30/2016 | 1.2 | $360.00 |
| Howard Sasson | 8/31/2016 | 1.5 | $450.00 |
| Howard Sasson | 9/1/2016 | 2.1 | $630.00 |

| Howard Sasson | 9/2/2016 | 0.8 | $240.00 |
|---|---|---|---|
| Howard Sasson | 9/2/2016 | 2.2 | $660.00 |
| Howard Sasson | 9/7/2016 | 3.9 | $1,170.00 |
| Howard Sasson | 9/8/2016 | 2.0 | $600.00 |
| **TOTAL:** | | **21.10** | **$6,330.00** |

While on its face this is an unreasonable amount of time to bill for discovery responses, upon examination of the response the number is even harder to justify.  Attached at Exhibit 1 are Plaintiff's answers to the interrogatories propounded by the individual officers, and Exhibit 2 is Plaintiff's answer to the City's interrogatories.  With regard to the individual defendants' interrogatories, the answers are identical in each response.  At the time of answering the interrogatories Hutchins did not even have his medical records, did not describe with any specificity the injuries he alleged, did not claim any other out of pocket expenses requiring any accounting, and did not have any claim for lost wages.  He did not have, and indeed never had any expert witnesses which he needed to identify.  In regards to the City's interrogatories, the only real specificity supplied in the answers related to alleged failure of the City to train its officers, (see Exhibit 2, page 5), a theory that the Plaintiff had abandoned by the time of the trial.

The Defendants request the number of hours allowed for response to the interrogatories be capped at 8 hours (2 hours per set).

The Plaintiffs brought an unsuccessful motion for summary judgment on the issue of the unlawful entry, and billed a total of 18.5 hours.

**MOTION FOR SUMMARY JUDGMENT**

| ATTORNEY NAME | DATE | DESCRIPTION | HOURS | AMOUNT BILLED |
|---|---|---|---|---|
| Samantha LeBoeuf | 3/10/2017 | SJ pleading research and edit, email LR re 4th amendment claim | 4.1 | $410.00 |
| Luke Ryan | 3/9/2017 | Draft/edit SJ pleadings | 2.4 | $780.00 |
| Luke Ryan | 3/10/2017 | Draft/edit SJ pleadings, legal research on 4th amendment issue; read Defts SJ pleadings & bifurcation motion | 9.8 | $3,185.00 |
| Luke Ryan | 3/14/2017 | Research Wilhite SJ Opp | 2.2 | $715.00 |
| | | TOTAL: | 18.5 | $5,090.00 |

At the outset, the billing includes 2.2 hours for an unrelated case, i.e. Wilhite v. City of Springfield (highlighted, above).  Moreover, the motion was not successful, and while the jury found there was an unlawful entry, they found no damage as a result thereof.  Accordingly, the Defendants request this claimed amount be disallowed.

Although there was only one named Plaintiff, and, as mentioned above, the case was a straight forward excessive force claim involving no expert witnesses; the Plaintiff is seeking fees for three (3) attorneys.  Attorney LeBoeuf, while no doubt quite helpful to the other attorneys, examined no witnesses during the trial, nor did she argue any motions, or conduct the opening or the closing.

Further, both Attorneys Hoose and Ryan billed time for "waiting for the verdict".  Once the trial was over, it was more than reasonable to expect that some or all of the attorneys would

turn their attention to other matters.  The billing for the trial that the City is asking to have

disallowed is as follows:

**TRIAL**

| ATTORNEY NAME | DATE | DESCRIPTION | HOURS | AMOUNT BILLED |
|---|---|---|---|---|
| Samantha LeBoeuf | 1/21/2019 | Travel to Boston | 2.1 | $367.50 |
| Samantha LeBoeuf | 1/23/2019 | Trial | 5.5 | $962.50 |
| Samantha LeBoeuf | 1/24/2019 | Trial | 4.6 | $805.00 |
| Samantha LeBoeuf | 1/25/2019 | Trial | 5.5 | $962.50 |
| Samantha LeBoeuf | 1/28/2019 | Trial – closings, charge conference | 2.3 | $402.50 |
| Samantha LeBoeuf | 1/29/2019 | Finish powerpoint re closing, trial – closings, juror deliberations, try to fix video exhibits for jury | 8.9 | $1,557.50 |
| Samantha LeBoeuf | 1/30/2019 | Court for deliberations, meet with clients & family | 1.6 | $280.00 |
| David Hoose | 1/30/2019 | Verdict/waiting | 1.6 | $640.00 |
| Luke Ryan | 1/30/2019 | Trial | 1.6 | $520.00 |
| | | **TOTAL:** | **33.7** | **$6,497.50** |

3.  Unsuccessful Claims

As noted above, the Plaintiff was unsuccessful on all or part of the following Counts:

Count I, against McKay and Romero, alleged Unlawful Entry in violation of the 4th and 14th

Amendment to the U.S. Constitution; no damage found, Count II, against McKay, Romero and

Hervieux, for alleged False Arrest in violation of the 4th and 14th Amendments to the U.S.

Constitution under 42 USC §  1983 was wholly unsuccessful; Count III against McKay and

Hervieux seeks alleged Excessive Force in violation of the 4th 5th and 14th Amendments to the U.S. Constitution under 42 USC§ 1983, unsuccessful against McKay; Count V, against McKay and Hervieux for alleged Assault and Battery under Massachusetts common law, unsuccessful against McKay; Count VI against McKay, Romero and Hervieux for alleged False Imprisonment under Massachusetts common law wholly unsuccessful; VII against McKay, Romero and Hervieux for Malicious Prosecution under Massachusetts common law wholly unsuccessful; Count VIII against McKay, Romero and Hervieux for alleged Abuse of Process under Massachusetts common law wholly unsuccessful.  The court should reduce the attorney's fee award for time spent on claims that were ultimately unsuccessful. See, e.g. *McMillan,* 140 F.3d at 311 (permitting courts to make such deductions in certain circumstances); *Coutin,* 124 F.3d at 337 (same) (*citing Hensley,* 461 U.S. at 435, 103 S.Ct. 1933). The Court should eliminate, to the extent it was discernible, much of the time spent working on unsuccessful claims against the individuals as well as unsuccessful state and federal law claims on the ground that such claims were tangentially related to the successful claims in the case. "Attorneys' fees normally should not be awarded for time spent in litigating (or preparing to litigate) unsuccessful, severable claims." *Coutin,* 124 F.3d at 339 (*citing Hensley,* 461 U.S. at 435, 103 S.Ct. 1933, and *Lipsett,* 975 F.2d at 940); see also, e.g., *Koster v. Trans World Airlines, Inc.,* 181 F.3d 24, 38 (1st Cir.1999). Claims are severable when they "rest on different facts and legal theories." *Coutin,* 124 F.3d at 339; see also, e.g., *Koster,* 181 F.3d at 38.

The calculation of hours reasonably expended involves separating out work done in relation to successful claims from that performed on the unsuccessful claims. *See, e.g. Aubourg v. American Drug Stores, Inc.,* 23 Mass.Discrim.L.Rep. 226, 227, 2001 WL 1602853 (Westlaw 2001) (reducing award by 34% because complainant prevailed on retaliation claim, but not race

discrimination claim; *Carmichael v. Wynn & Wynn,* 18 Mass.Discrim.L.Rep. 208, 209 (1996) (reducing attorney's fees to reflect the fact that plaintiff prevailed on her charge of sex discrimination, but lost on her charge of sexual harassment).

Based upon the above, the Defendants are requesting a one-third reduction in the total billing, after deducting for the unreasonable hours, as set out above.

4.   Reasonable Hourly Rates

The second part of the calculation of the lodestar is the setting of an hourly rate for each attorney. However, in accordance with approved practice, it is appropriate to assign "different rates to [the] different tasks" composing the reasonable hours figure. *Metropolitan Dist. Comm'n,* 847 F.2d at 19-20 (citing *Jacobs,* 825 F.2d at 561 n.3); see also, e.g., *Brewster,* 3 F.3d at 492 & n. 4; *McLaughlin v. Boston Sch. Comm.,* 976 F.Supp. 53, 62 (D.Mass.1997) ("[I]t is well-settled that different hourly rates are appropriate when the same attorney performs different kinds of work."); cf. *McMillan,* 140 F.3d at 307-08; *Lipsett,* 975 F.2d at 937, 939-40 (directing courts to apply "hourly rates to the constituent tasks"). Therefore, a distinction between "core" legal work and "non-core" legal work can be made.

In order to determine the appropriate hourly rates for core work performed by each attorney, the Court should look to the rates "'prevailing in the community for similar services by lawyers of reasonably comparable skills, experience and reputation.'" *Grendel's Den,* 749 F.2d at 955 (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)); see also, e.g., *Lipsett,* 975 F.2d at 937 (applying the "'prevailing rates in the community for comparably qualified attorneys'" (quoting *Metropolitan Dist. Comm'n,* 847 F.2d at 19)).

The Plaintiffs have provided affidavits from various attorneys who assert that their fees for similar cases are in line with the billed amounts.  In their petition, the Plaintiff seeks his

attorneys be paid at the following hourly fees:  Attorney Hoose at $400 per hour;  Attorney Ryan at $325.00 per hour, Attorney Sasson at $300 per hour and Attorney LeBoeuf at $100 per hour while she was still a law student, and $175.00 per hour as an Associate.  Attached to this petition as Exhibit 3 is the affidavit of Edward M. Pikula, City Solicitor for the City of Springfield.  Attorney Pikula establishes the rate paid by the City for attorneys with similar experience to Attorney Hoose, and substantially more experience than the other three attorneys, to litigate civil rights cases in general and police misconduct cases in particular is $175.00 per hour.

Accordingly, the Defendants are requesting that Attorney Hoose be compensated at $175.00 per hour for core legal work, Attorneys Ryan and Sasson at $150.00 and Attorney LeBoeuf at $100 per hour for the time she was an attorney.  Other than her own affidavit, no support is in the record for Attorney LeBoeuf's time as either an attorney or as a law student.  It is clear, however, that law students do not receive $100 per hour, and this is overreaching.  Her time as a law student should be compensated at $25.00 per hour.

As noted, above, it is preferred in fee shifting cases that attorneys' fee requests be detailed, and that the attorneys designate "core legal work" versus non-core work.

> "Under the First Circuit's taxonomy, core legal work 'includes legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders' .... Non-core work, on the other hand, 'consists of less demanding tasks, including letter writing and telephone conversations.'  *Alfonso v. Aufiero,* 66 F.Supp.2d 183, 196 (D.Mass.1999) (quoting *Brewster v. Dukakis,* 3 F.3d 488, 492 n. 4 (1st Cir.1993)). It also includes conferences with co-counsel. *Id.* Non-core work is usually compensated at two-thirds the billing rate approved for core legal work."

*Parker v. Town of Swansea*, 310 F.Supp.2d 376, 391 (D.Mass.,2004).  The billing submitted by the Plaintiff has no such designation, and the billing is rife with non-core entries.  The billing of all the attorneys, except for Attorney Sasson, contains

meetings with each other, emails to each other, phone calls, calls to stenographers, travel time, calls and emails to other counsel, and other non-cire legal tasks. Some of the tasks billed for include preparation of barely relevant exhibits, such as an hour and a half (at $175 an hour) for preparation of a powerpoint used during the opening, and another 1.3 hours at $175/hour for creation of a pictorial display of the Plaintiff and his family ("family tree" exhibit), most of whom never appeared as witnesses in this case.  As a result of the failure to designate core v. non-core work the Defendants are seeking that once the court determines what billing will be allowed, one-third of such time be reduced to two-thirds of the core legal rate.

The plaintiffs have suggested in their affidavits that their high billing rate is justified in part based upon the risk of the litigation.  This is an inappropriate argument; the issue is what is reasonable.  Moreover, the thrust of their petition for fees appears to be that the positive result was a foregone conclusion.[1]

### B.  Costs

The Plaintiff is seeking reimbursement for both his attorneys lodging and his own during the trial of this matter.  As noted in the submission, this matter was originally filed in the Federal District Court sitting in Springfield, and was transferred to Boston when Judge Ponsor took inactive status and Judge Mastroianni had recused himself.  It was not the defendants' choice to try this matter in Springfield.

---

[1] For no apparent purpose, the Plaintiff's fee request includes settlement negotiations and emails between counsel relating to those settlement negotiations.   These have now been reproduced in local media.  Such negotiations are not germane to the issue of Plaintiff's entitlement to fees as a prevailing party, and such disclosure certainly violates the policy of protecting settlement discussions in order to encourage negotiated settlements.  Fed.R.Evid. Rule 408.

Plaintiff erroneously asserts that all of Defendants' counsel stayed overnight in Boston during the trial; in fact, Attorney Kevin Coyle commuted each day from Springfield.  Defendants McKay and Hervieux commuted each day from Springfield, as well.

Plaintiff's reliance on the case of *Palmigiano v. Garrahy*, 707 F. 2d 636 (1st Cir. 1983) is misplaced.  *Palmigiano* involved a trial in Puerto Rico, and attorneys who were not from the island.  Id.  A choice to stay in Boston to avoid a 90 mile ride within the same state is a far cry from that situation.

Plaintiff also seeks reimbursement for his own lodging, with no claimed authority.  The fee shifting statute anticipates "reasonable attorney fees and costs", not client costs.  To the extent that the trip to Boston each day presented a special hardship for the Plaintiff he could have filed a request with the Court that the matter be heard in Springfield.  No such request was filed.  Accordingly, so much of the petition that seeks reimbursement for lodging during the trial should be struck.

Finally, the Plaintiff has requested a second bite at this apple if the request for reimbursement for lodging is denied.  There is no reason why whatever argument they have in mind could not have been raised in the first instance, with it filed under seal as necessary.  The Defendants have responded in good faith to the petition filed, and should not have to do so again.

C.  Pre-Judgment Interest

Plaintiff concedes that he has waived his right to pre-judgment interest by failing to submit the question to the jury.  (Plaintiffs brief pages 10 and 11).  He

then asks that this Court allow him pre-judgment interest under state law, and allow him attorneys' fees under federal law, with no authority under either state or federal law for this novel approach.  The prejudice to the Defendants in such an approach is obvious.  This is not a case where there is a compelling case for pre-judgment interest.  There were no out of pocket expenses paid by the Plaintiff, so that he was denied the use of his money.  There was no claim for lost earnings diminution in earning capacity; Plaintiff was disabled long before the incident in question.  No medical bills or expenses were included as part of the damages.  For those reasons, the Defendants respectfully request the pre-judgment interest be denied.

WHEREFORE, for all the foregoing reasons, the Defendant hereby respectfully requests this Honorable Court reduce the amount of attorneys' fees, costs and pre-judgment.

Respectfully submitted,
The Defendants,
City of Springfield
By its attorney,

Dated:  February 22, 2019

 /s/ Lisa C. deSousa
Lisa C. deSousa, Esq. BBO#546115
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:     (413) 886-5205
ldesousa@springfieldcityhall.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the within Defendants Objections to

Plaintiff's Proposed Exhibits was this day served upon Plaintiff via the Federal Court's ECF

Notice and delivery System. I am unaware of any party who is a non-registered participant and

therefore electronic filing is the sole means of this document.

SIGNED under the pains and penalties of perjury.


Dated: February 22, 2019                                       /s/ Lisa C. deSousa
                                                              Lisa C. deSousa, Esq.