UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * *
                               *
LEE HUTCHINS, SR.,             *
        Plaintiff,             *
                               *       CIVIL ACTION NO.  3:16-cv-30008
    v.                         *
                               *
DANIEL J. MCKAY, FELIX M.      *
ROMERO, THOMAS HERVIEUX, and   *
THE CITY OF SPRINGFIELD        *
                               *
        Defendants             *
                               *
                               *
                               *
                               *
* * * * * * * * * * * * * * * *
```

## PLAINTIFF'S ANSWERS TO DEFENDANT THOMAS HERVIEUX'S FIRST SET OF INTERROGATORIES

1. Please state your full name, date of birth, social security number, current home address, telephone number, home address at the time of the incident alleged in your Complaint, your occupation and business address at the time of the incident alleged in your Complaint and your current occupation and business address.

## ANSWER NO. 1

Lee Hutchins, October 4, 1965, 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, 53 Daytona Street, Springfield, MA 01108, (413) 821-5526, same address, unemployed and disabled at both relevant times.

2. Please state each and every action you took to attempt to "assist the police" in taking your two sons into custody as alleged in paragraph 31 of your Complaint.  Please include as a part of your answer every physical action and everything that you said in your attempt to "assist the police" and every response you received from the each individual Defendant Officer to each action you took or utterance you made.

1

**ANSWER NO. 2**

At approximately 12:15am pm January 20, 2013, Defendants McKay and Romero arrived at my house and rang the doorbell, waking me and several other occupants. They told me they were to get my grandson, Ivan. I told Defendants McKay and Romero that Ivan and Lee, Jr. were on the third floor sleeping and that I would go to upstairs and bring Ivan down to them. Defendant McKay and Romero did not wait for me to bring Ivan downstairs, and instead they entered my residence without permission. When my son Lee, Jr. was woken up and learned that the child's mother, Vanessa Montero, was at our house with two police officers to take their child, he became upset and went down the back stairs to verbally confront Montero. Subsequently, Defendant Romero exited the residence and began using physical force to take Lee into custody.

As my other son, Keith, observed this interaction from the front porch, he reached the conclusion that Defendant Romero was using excessive force on Lee, Jr. This led to efforts on the part of Keith to aid Lee, Jr. This in turn prompted Defendant McKay to begin using force to arrest Keith. During the ensuing physical altercation, Defendant McKay ended up on the bottom with the Defendant Romero was top of them. At the same time, McKay was wildly swinging his baton at both Keith and Romero. In order assist the police in taking Keith into custody I yelled at McKay to stop swinging the baton so his partner could subdue Keith. He kept swinging wildly, so I attempted to grab McKay's baton to stop him. As I attempted to do so, Defendant McKay told me to let go of the baton or he would "mace" me. Before I could let go, he pepper-sprayed me.

At this point, Defendant Hervieux and his partner Christopher Goodrow arrived on the scene. Despite the fact that I was suffering the effects of the pepper-spray, Defendant Hervieux for no reason struck me twice with his baton, bringing me to the ground. I was then tightly handcuffed and left lying on the ground for approximately ten minutes before being arrested, placed in the cruiser and transported to the police station at 130 Pearl Street for booking.

For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

3. Please state each and every fact which supports the allegations made by you in paragraph 36 of your Complaint that Officer Hervieux struck you twice with his baton stating precisely where you were struck, any injuries you suffered from each alleged strike, what you did in reaction to each strike and why you allege that at the time of the strike you posed no threat to any officer.

**ANSWER NO. 3**

Objection to the extent this interrogatory calls for medical expertise which I do not possess. Subject to and without waiving said objection, I was struck twice in my arms for no apparent reason. I posed no threat at the time I was struck with the baton, because I was suffering the effects of pepper-spray and was therefore incapacitated.

4. Please state each and every fact which supports the allegations made by you in paragraph

unreasonable seizure. As a part of your answer, please state each and every specific action that you allege Officer Hervieux did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer Hervieux took.

## ANSWER NO. 4

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

5. Please state each and every fact which supports the allegations made by you in paragraph 55 of your Complaint that Officer Hervieux violated your right to be free from the use of unreasonable and excessive force and summary punishment. As a part of your answer, please state each and every specific action that you allege Officer Hervieux did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer Hervieux took.

## ANSWER NO. 5

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe I was physically resisting or trying to evade arrest and the amount of force used under the circumstances was unreasonable and unjustified.

6. Please state each and every fact which supports the allegations made by you in paragraph 63 of your Complaint that Officer Hervieux assaulted and battered you. As a part of your answer please include each action that you allege Officer Hervieux preformed that was an assault and/or battery toward you, each physical location where you were assaulted along with how many times he struck you in each stated area, and any damage and or marks that were left on your body by each alleged contact. For each stated contact you list please state what you did in response to that contact.

## ANSWER NO. 6

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe I was physically resisting or trying to evade arrest and the amount of force used under the circumstances was unreasonable and unjustified.

3

7. Please state each and every fact which supports the allegations made by you in paragraph 66 of your Complaint that Officer Hervieux caused you to be falsely arrested and imprisoned. As a part of your answer, please state what you allege Officer Hervieux did or failed to do that constituted a false arrest and imprisonment against you as alleged in paragraph 66 of your Complaint.

**ANSWER NO. 7**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe the Defendant had a reasonable belief that I physically resisting at the time of my arrest

8. Please state each and every fact which supports the allegations made by you in paragraph 69 of your Complaint that Officer Hervieux violated our rights against malicious prosecution. As a part of your answer please state in precise detail what you allege Officer Hervieux did or failed to do that would have rose to the level of malicious prosecution against you as alleged in paragraph 69 of your Complaint.

**ANSWER NO. 8**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest, and he nevertheless maliciously instituted a criminal proceeding against me even though they he knew there was no legal basis for it.

9. Please state each and every fact which supports the allegations made by you in paragraph 72 of your Complaint that Officer Hervieux violated your rights through abuse of process. Include as a part of your answer each and every action or inaction that you allege Officer Hervieux did or failed to do that rose to the level of abuse of process against you as alleged in paragraph 72 of your Complaint.

**ANSWER NO. 9**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest and, he nevertheless maliciously brought criminal

proceedings against me in order to prevent and discourage me from pursuing claims for violation of my rights in this matter.

10. Please state with precise detail all information to support your allegations in paragraphs 53, 56, 64, 67, 70 and 73 that the actions of Officer Hervieux caused you to incur great pain and suffering and otherwise damaged you. Please state in specific detail each and every act by Officer Hervieux that you allege caused you great pain and suffering along with the precise pain and suffering that you incurred for each stated act, and how long you suffered for.

**ANSWER NO. 10**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. As a result of the Defendant actions, I sustained injuries to my Shoulderarms and wrists that have resulted in chronic pain, muscle spasms, a loss of flexibility and mobility in my arms and hands. With respect to emotional injuries, I continue to suffer anxiety and fearfulness as a result of this incident. I am very nervous about encountering police officers, which makes me not want to leave my home. We reserve the right to supplement this answer.

11. Please state with precise detail all information to support your allegations in paragraphs 53, 56, 64, 67, 70 and 73 that the actions of Officer Hervieux caused you to be "otherwise damaged." Please state in specific detail each and every way you were "otherwise damaged." Include as a part of your answer any physical, mental, emotional, educational, financial, and any other way you allege you were damaged.

**ANSWER NO. 11**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. Also see my answer to Number 10 above. We reserve the right to supplement this answer.

12. In each individual way you allege you were damaged in your answer to interrogatory number 17, please state any expense you incurred or you project you will still incur for each type of damage you allege.

**ANSWER NO. 12**

Objection. This interrogatory calls or attorney client privileged information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waving said objection the Plaintiff is not claiming attorney fees as compensatory damages.

I reserve the right to supplement my answer to this interrogatory.

13. Please state each and every fact upon which you rely in support of the allegations made by you in Counts II and III of your Complaint, that Officer Hervieux violated your rights under 42 U.S.C. 1983. Please specify in your answer exactly which rights under 42U.S.C. §1983 were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 13**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. It is my understanding that my following rights may have been violated:

- My right to free from the excessive use of force during arrest;
- My right to be free from unreasonable warrantless intrusions into my home;
- My right to be free from unreasonable arrest and prosecution.

Also please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents.

14. Please state each and every fact upon which you rely in support of the allegations made by you in Counts V, VI, VII and VIII of your Complaint that Officer Hervieux violated your rights as defined under common laws of the Commonwealth of Massachusetts. Please specify in your answer exactly which rights under the common laws of the Commonwealth of Massachusetts were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 14**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, see my answer to Number 13 above.

15. State whether as a result of the incident alleged in your Complaint at any time subsequent to this incident you have applied for and/or received any monies or benefits whatsoever for unemployment, disability, welfare, personal injury protection, social security, and/or workmen's compensation, setting forth the dollar amounts and periods involved.

**ANSWER NO. 15**

None.

22. If you have you ever been charged, arrested or convicted of a misdemeanor or felony, state with regard to each such charge or conviction:
      (a) the nature of the crime;
      (b) the date of the conviction;
      (c) the name and address of the court, including number, street, city or town, and state;
      (d) the sentence or other disposition of each charge or conviction;
      (e) if you were imprisoned, the name and address of the jail, including number, street, city or town, and state;
      (f) if you were paroled, the date of parole and name and address of your parole officer.

**ANSWER NO. 22 (out of order)**

Objection, this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, to the best of my memory in the mid-eighties I believe I plead guilty to misdemeanor crimes for which I received a non-jail sentence. These believe these records were sealed sometime in 2007.

16. If you have ever asserted a claim, other than the claims set out in your Complaint in this action, for damage or for compensation for personal injuries or violations of your civil rights, state:

      (a) the date of the injury;
      (b) the nature of the injury;
      (c) the amount of damages or compensation received, if any.

**ANSWER NO. 16**

Not applicable.

17. If you have incurred or will incur any attorney's fees or other expenses related to the litigation of this case; for each expense list:

      (a) the attorney's fees accrued to date;
      (b) the total number of hours expended by each attorney;
      (c) the hourly rate charged by the attorney;
      (d) the method of calculating accrued attorney's fees;
      (e) a description of any contingent fee agreement or other contractual relationship with the attorney; and
      (f) identify by name and address each attorney retained by you.

**ANSWER NO. 17**

Objection. This interrogatory calls or attorney client privileged information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waving said objection the Plaintiff is not claiming attorney fees as compensatory damages. It my understanding that in the event I prevail my attorneys may also be able to recover fees for their work at prevailing hourly rates.

18. If you or someone on your behalf has sustained any financial loss as a result of the alleged incident, please state as nearly as you can:

   (a) the loss in wages, salary or profit in business, or lost earning capacity, if any;
   (b) hospital bills to date, stating the name of the hospital and amount of each of the hospital bills;
   (c) physicians' bills to date, stating the name of the physician and amount of each of the physicians' bills;
   (d) mental health bills to date, stating the name of any mental health provider, the type of services they provided and the amount of each of the mental health providers' bills;
   (e) therapy bills to date, stating the name of the therapist and amount of each of the therapists' bills;
   (f) bills for other medical treatment, if any, and with whom incurred; and
   (g) a complete itemization of any other financial loss sustained to date.

**ANSWER NO. 18**

I am disabled and did not lose earnings. I will request bills for my medical treatment and provided copies to you upon receipt.

19. If you have been involved in any other accident or incident within ten (10) years before or after the one you are suing upon, and have ever filed legal proceedings for personal injuries, please state:

   a. The date, place, and court or industrial accident commission or similar tribunal where filed;
   b. Names and addresses of each of the parties to the lawsuit or industrial accident commission proceeding and their attorneys; if any,
   c. The nature of the injuries claimed;
   d. The present status of each lawsuit or proceeding, or if concluded, the final result of each lawsuit or proceeding, and any monetary judgment, settlement, or industrial accident commission award;
   e. If you gave a deposition or answered interrogatories in connection with any such suit or proceeding, give the approximate date and the name of the suit or other legal proceeding.

**ANSWER NO. 19**

Not applicable.


SWORN UNDER THE PAINS AND PENALTIES OF PERJURY.


Dated:    9 - 7 - 16                              _Lee Hutchins_
                                                 Lee Hutchins


As to objections:



                              THE PLAINTIFF,

                              By _Luke Ryan (LR)_____
                              LUKE RYAN, BBO#664999
                              SASSON, TURNBULL, RYAN & HOOSE
                              100 Main Street, Third Floor
                              Northampton, MA  01060
                              (413) 586-4800




                    **Certificate of Service**

On this day a copy of the foregoing Answer to Interrogatories was served prepaid mailing on all
Attorneys of record.

Dated:    9 - 8 - 16                          _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LEE HUTCHINS, SR.,**
　　Plaintiff,

　　v.

**DANIEL J. MCKAY, FELIX M.
ROMERO, THOMAS HERVIEUX, and
THE CITY OF SPRINGFIELD**

　　Defendants

CIVIL ACTION NO.  3:16-cv-30008

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S ANSWERS TO DEFENDANT DANIEL J. MCKAY'S
### FIRST SET OF INTERROGATORIES

1.　Please state your full name, date of birth, social security number, current home address, telephone number, home address at the time of the incident alleged in your Complaint, your current occupation and business address and your occupation and address at the time of the incident alleged in your Complaint.

### ANSWER NO. 1

Lee Hutchins, October 4, 1965, 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, 53 Daytona Street, Springfield, MA 01108, (413) 821-5526, same address, unemployed and disabled at both relevant times.

2.　Please state each and every fact which supports the allegations made by you in paragraph 25 of your Complaint that Officer McKay unlawfully entered the residence at 53 Daytona Street.

### ANSWER NO. 2

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, at approximately 12:15am pm January 20, 2013, Defendants McKay and Romero arrived at my house and rang the

1

doorbell, waking me and several other occupants. They told me they were to get my grandson, Ivan. I told Defendants McKay and Romero that Ivan and Lee, Jr. were on the third floor sleeping and that I would go to upstairs and bring Ivan down to them. Defendant McKay and Romero did not wait for me to bring Ivan downstairs, and instead they entered my residence without permission. When my son Lee, Jr. was woken up and learned that child's mother, Vanessa Montero, was at our house with two police officers to take their child he became upset and went down the back stairs to verbally confront Montero. Subsequently, Defendant Romero exited the residence and began using physical force to take Lee into custody.

As my other son, Keith, observed this interaction from the front porch, he reached the conclusion that Defendant Romero was using excessive force on Lee, Jr. This led to efforts on the part of Keith to aid Lee, Jr. This in turn prompted Defendant McKay to begin using force to arrest Keith. During the ensuing physical altercation, Defendant McKay ended on the bottom with Defendant Romero on top of them. At the same time, McKay was wildly swinging his baton at both Keith and Romero. In order assist the police in taking Keith into custody I yelled at McKay to stop swinging the baton so his partner could subdue Keith. He kept swinging wildly, so I attempted to grab McKay's baton to stop him. As I attempted to do so, Defendant McKay told me to let go of the baton or he would "mace" me. Before I could let go, he pepper-sprayed me.

At this point, Defendant Hervieux and his partner Christopher Goodrow arrived on the scene. Despite the fact that I was suffering the effects of the pepper-spray, Defendant Hervieux for no reason struck me twice with his baton, bringing me to the ground. I was then tightly handcuffed and left lying on the ground for approximately ten minutes before being arrested, placed in the cruiser and transported to the police station at 130 Pearl Street for booking.

For more details see the documents and things provided in the Plaintiff's Initial Disclosure Disclosures and in response to the Defendant's Requests for the Production of Documents.

It is my information and belief that neither I nor anyone else gave the Defendant permission to enter my home and there was no emergency or other justification for him entering my home without my permission.

3. Please state each and every fact which supports the allegations made by you in paragraph 30 of your Complaint that Officer McKay used force to arrest Keith Hutchins. Please state each and every act of force you allege Officer McKay used against Keith Hutchins.

## ANSWER NO. 3

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

4. Please state each and every fact which supports the allegations made by you in paragraph 32 of your Complaint that Officer McKay pepper-sprayed Plaintiff. Starting from the

2

time you first approached the police officers that day please include in your answer all the actions you allege incurred leading up to the time that you allege Officer McKay pepper-sprayed you and include in your answer what parts of your body had contact with the pepper-spray, your reaction(s) to the pepper-spray, any assistance provided to you once you were pepper-sprayed, and if assistance was provided who provided it to you and exactly what did they do.

## ANSWER NO. 4

See my answer to interrogatory No. 2 above. I believe I was sprayed in the eyes one time at close range and that no attempt was made to flush my eyes. Also please see Exhibit 24 to the Plaintiff's Initial Disclosure.

5. Please state each and every fact which supports the allegations made by you in paragraph 33 of your Complaint the use of pepper-spray on you was unjustified.

## ANSWER NO. 5

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, I believe I was not physically resisting or trying to evade arrest. For more details, please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

6. Please state each and every fact which supports the allegations made by you in paragraph 39 of your Complaint that Officer McKay deliberately falsified the allegations that "lead to the issuance of a complaint for these charges". Please include as part of your answer each and every item you allege was false, and the basis for why you allege each listed item was false.

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, I believe I was not physically resisting or trying to evade arrest. Nevertheless Officer McKay wrote police reports indicating I was resisting arrest and I had assaulted him, and he charged or assisted in charging me with the same. For more details, please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

## ANSWER NO. 6

7. Paragraphs 44 through 47 allege video evidence exists that Officer McKay used unnecessary and excessive force on a person. Therefore, please list any and all videos known to Plaintiff and/or Plaintiff's counsel that show Officer McKay ever having used excessive and/or unnecessary force on any person. If any stated video is located on the internet please include as a part of your answer the exact URL address where each stated video can be located. If a stated video is not located on the internet please state where

the video is located along with the name, address and phone number of the person who has custody and/or control of each stated video.

## ANSWER NO. 7

Please see Plaintiff's Response Nos. 6, 9, and 19 to the Defendant Springfield's Request for the Production of Documents.

8. Relative to the information provided by you for Interrogatory number 6, for each video you listed, please state why you contend the actions that are shown being taken by Officer McKay reached a level of unnecessary and/or excessive force given the situation that was currently going on.

## ANSWER NO. 8

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, I believe the videos show I was not physically resisting or trying to evade arrest and the amount of force used under the circumstances was unnecessary and unreasonable.

9. Please state each and every fact which supports the allegations made by you in paragraph 49 of your Complaint that Officer McKay violated your right to be free from an unreasonable and warrantless intrusion into your home. As a part of your answer, please state each and every specific action that you allege Officer McKay did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer McKay took.

## ANSWER NO. 9

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to Number 2. For more details, please see the documents provided in the Plaintiff's Initial Disclosure. I didn't give them permission to enter my home and I don't believe that there were any circumstances justifying a warrantless search of my home.

10. Please state each and every fact which supports the allegations made by you in paragraph 52 of your Complaint that Officer McKay violated your right to be free from an unreasonable seizure. As a part of your answer, please state each and every specific action that you allege Officer McKay did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer McKay took.

## ANSWER NO. 10

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the

Plaintiff's Initial Disclosure and in response to the Defendant's Requests for the Production of Documents. I do not believe I was physically resisting or trying to evade arrest and the amount of force used under the circumstances was unreasonable and unjustified.

11. Please state each and every fact which supports the allegations made by you in paragraph 55 of your Complaint that Officer McKay violated your right to be free from the use of unreasonable and excessive force and summary punishment. As a part of your answer, please state each and every specific action that you allege Officer McKay did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer McKay took.

## ANSWER NO. 11

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe I was physically resisting or trying to evade arrest and the amount of force used under the circumstances was unreasonable and unjustified.

12. Please state each and every fact which supports the allegations made by you in paragraph 63 of your Complaint that Officer McKay assaulted and battered you. As a part of your answer please include each action that you allege Officer McKay performed that was an assault and/or battery toward you, each physical location where you were assaulted along with how many times he struck you in each stated area, and any damage and or marks that were left on your body by each alleged contact. For each stated contact you list please state what you did in response to that contact.

## ANSWER NO. 12

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe I was physically resisting or trying to evade arrest and the amount of force used under the circumstances was unreasonable and unjustified.

13. Please state each and every fact which supports the allegations made by you in paragraph 66 of your Complaint that Officer McKay caused you to be falsely arrested and imprisoned. As a part of your answer, please state what you allege Officer McKay did or failed to do that constituted a false arrest and imprisonment against you as alleged in paragraph 66 of your Complaint.

**ANSWER NO. 13**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe the Defendant had a reasonable belief that I physically resisting at the time of my arrest.

14. Please state each and every fact which supports the allegations made by you in paragraph 69 of your complaint that Officer McKay violated our rights against malicious prosecution. As part of your answer please state in precise detail what you allege Officer McKay did or failed to do that would have rose to the level of malicious prosecution against you as alleged in paragraph 69 of your Complaint.

**ANSWER NO. 14**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest, and he nevertheless maliciously instituted a criminal proceeding against me even though they he knew there was no legal basis for it.

15. Please state each and every fact which supports the allegations made by you in paragraph 72 of your Complaint that Officer McKay violated your rights through abuse of process. Include as a part of your answer each and every action or   inaction that you allege Officer McKay did or failed to do that rose to the level of abuse of process against you as alleged in paragraph 72 of your Complaint.

**ANSWER NO. 15**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answer to number 2 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest and, he nevertheless maliciously brought criminal proceedings against me in order to prevent me from pursuing claims for violation of my rights in this matter.

16. Please state with precise detail all information to support your allegations in paragraphs 50, 53, 56, 64, 67, 70 and 73 that the actions of Officer McKay caused you to incur great pain and suffering and otherwise damaged you. Please state in specific detail each and every act by Officer McKay that you allege caused you great pain and suffering along with the precise pain and suffering that you incurred for each stated act, and how long you suffered for.

**ANSWER NO. 16**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. As a result of the Defendant actions, I sustained injuries to my arms and wrists that have resulted in chronic pain, muscle spasms, a loss of flexibility and mobility in my arm and hands. With respect to emotional injuries, I continue to suffer anxiety and fearfulness as a result of this incident. I am very nervous about encountering police officers, which makes me not want to leave my home.

17. Please state with precise detail all information to support your allegations in paragraphs 50, 53, 56, 64, 67, 70 and 73 that the actions of Officer McKay caused you to be "otherwise damaged." Please state in specific detail each and every way you were "otherwise damaged." Include as a part of your answer any physical, mental, emotional, educational, financial, and any other way you allege you were damaged.

**ANSWER NO. 17**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents, Request No.1. Also see my answer to Number 16 above. We reserve the right to supplement this answer.

18. In each individual way you allege you were damaged in your answer to interrogatory number 17, please state any expense you incurred or you project you will still incur for each type of damage you allege.

**ANSWER NO. 18**

See my answer to Number 17. I will request bills for my medical treatment and provided copies to you upon receipt. We reserve the right to supplement this answer.

19. Please identify all persons who to your knowledge, or the knowledge of your agents or attorneys, witnessed or purport to have knowledge of the facts relevant to this incident and as to each individual state precisely what you allege each person saw and/or heard, and whether said individual provided any written or oral reports or testimony as to their observations.

**ANSWER NO. 19**

Objection to the extent that this interrogatory calls for statements made in anticipation of litigation or trial, and attorney work-product. Without waiving said objection, please see list of

witnesses in Plaintiff's Initial Disclosure, as well witness statements included the Plaintiff's Initial Disclosure.

20. Please state each and every fact upon which you rely in support of the allegations made by you in Counts I and II of your Complaint, that Officer McKay violated your rights under 42 U.S.C. 1983. Please specify in your answer exactly which rights under 42U.S.C. §1983 were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 20**

Objection. This request calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more detials please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant's Requests for the Production of Documents.   It is my understanding that my following rights were violated:

- My right to free from the excessive use of force during arrest;
- My right: to be free from unreasonable warrantless intrusions into my home;
- My right : to be free from unreasonable arrest and prosecution.

21. Please state each and every fact upon which you rely in support of the allegations made by you in Counts VI, VII and VIII of your Complaint that Officer McKay violated your rights as defined under common laws of the Commonwealth of Massachusetts. Please specify in your answer exactly which rights under the common laws of the Commonwealth of Massachusetts were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 21**

Objection. This request calls for the mental impressions, conclusions, opinions and legal theories of my attorney.  Subject to and without waving said objection, see my answer to Number 20 above.


SWORN UNDER THE PAINS AND PENALTIES OF PERJURY


Dated:    9 - 7 - 16 .                          _Lee Hutchins_
                                                Lee Hutchins

8

As to objections:

THE PLAINTIFF,

By _Luke Ryan (he)_
LUKE RYAN, BBO#664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, Third Floor
Northampton, MA  01060
(413) 586-4800

## Certificate of Service

On this day a copy of the foregoing Answer to Interrogatories was served prepaid mailing on all Attorneys of record.

Dated:        9-8-16                    _____

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LEE HUTCHINS, SR.,
        Plaintiff,

        v.

DANIEL J. MCKAY, FELIX M.
ROMERO, THOMAS HERVIEUX, and
THE CITY OF SPRINGFIELD

        Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION NO.  3:16-cv-30008

## PLAINTIFF'S ANSWERS TO DEFENDANT FELIX M. ROMERO'S
## FIRST SET OF INTERROGATORIES

1. Please state your full name, date of birth, social security number, current home address, telephone number, home address at the time of the incident alleged in your Complaint, your occupation and business address at the time of your Complaint and your current occupation and business address.

ANSWER NO. 1

Lee Hutchins, October 4, 1965, 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, 53 Daytona Street, Springfield, MA 01108, (413) 821-5526, same address, unemployed and disabled at both relevant times.

2. Please state the names, addresses, and phone numbers of all of the residents of 53 Daytona Street, that you allege were woken up by Officers Romero and McKay ringing the doorbell as alleged in paragraph 21 of your Complaint.

ANSWER NO. 2

Please see list of witnesses in Plaintiff's Initial Disclosure.

1

3. Please state each and every fact which supports the allegations made by you in paragraph 25 of your Complaint that Officer Romero unlawfully entered the residence at 53 Daytona Street.

**ANSWER NO.**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, at approximately 12:15am pm January 20, 2013, Defendants McKay and Romero arrived at my house and rang the doorbell, waking me and several other occupants. They told me they were to get my grandson, Ivan. I told Defendants McKay and Romero that Ivan and Lee, Jr. were on the third floor sleeping and that I would go to upstairs and bring Ivan down to them. Defendant McKay and Romero did not wait for me to bring Ivan downstairs, and instead they entered my residence without my or any other resident's permission; I don't believe they had a warrant or that there was any type of emergency that justified their actions. For more details please see the documents and things provided in the Plaintiff's Initial Disclosure

4. Please state each and every fact which supports the allegations made by you in paragraphs 28 and 29 of your Complaint that Officer Romero used force on Lee Hutchins Jr., which you state Keith Hutchins concluded was excessive. As a part of your answer, please include all force you allege Officer Romero use on Lee Hutchins Jr., what you allege Lee Hutchins Jr. did in response to each stated use of force and why you state Keith Hutchins reached the conclusion that any force that may have been used was excessive and how you believe Keith Hutchins reached that conclusion.

**ANSWER NO.**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, At approximately 12:15am pm January 20, 2013, Defendants McKay and Romero arrived at my house and rang the doorbell, waking me and several other occupants. They told me they were to get my grandson, Ivan. I told Defendants McKay and Romero that Ivan and Lee, Jr. were on the third floor sleeping and that I would go to upstairs and bring Ivan down to them. Defendant McKay and Romero did not wait for me to bring Ivan downstairs, and instead they entered my residence without permission. When my son Lee, Jr. was woken up and learned that child's mother, Vanessa Montero was at our house with two police officers to take their child he became upset and went down the back stairs to verbally confront Montero. Subsequently, Defendant Romero exited the residence and began using physical force to take Lee into custody.

As my other son, Keith, observed this interaction from the front porch, he reached the conclusion that Defendant Romero was using excessive force on Lee, Jr. This led to efforts on the part of Keith to aid Lee, Jr. This in turn prompted Defendant McKay to begin using force to arrest Keith. During the ensuing physical altercation, McKay ended up on the bottom with the Defendant Romero on top of them. At the same time, McKay was wildly swinging his baton at both Keith and Romero. In order assist the police in taking Keith into custody I yelled at McKay to stop swinging the baton so his partner could subdue Keith. He kept swinging wildly, so I

attempted to grab McKay's baton to stop him. As I attempted to do so, Defendant McKay told me to let go of the baton or he would "mace" me. Before I could let go, he pepper-sprayed me.

At this point, Defendant Hervieux and his partner Christopher Goodrow arrived on the scene. Despite the fact that I was suffering the effects of the pepper-spray, Defendant Hervieux for no reason struck me twice with his baton, bringing me to the ground. I was then tightly handcuffed and left lying on the ground for approximately ten minutes before being arrested, placed in the cruiser and transported to the police station at 130 Pearl Street for booking.

For more details please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant's Requests for the Production of Documents.

5. Please state each and every fact which supports the allegations made by you in paragraph 49 of your Complaint that Officer Romero violated your right to be free from an unreasonable and warrantless intrusion into your home. As a part of your answer, please state each and every specific action that you allege Officer Romero did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer Romero took.

ANSWER NO. 5

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, please see my answer to number 3 above. Also please see documents and things provided in the Plaintiff's Initial Disclosure. It is my information and belief that Defendant unlawfully, without consent, and absent any emergency, entered into my home.

6. Please state each and every fact which supports the allegations made by you in paragraph 52 of your Complaint that Officer Romero violated your right to be free from an unreasonable seizure. As a part of your answer, please state each and every specific action that you allege Officer Romero did or did not do that caused said violation of this right and what, if any, action you took in response to each action you state Officer Romero took.

ANSWER NO. 6

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, please see my answer to number 4 above. Also please see the documents and things provided in the Plaintiff's Initial Disclosure and in response to the Defendant Springfield's Requests for the Production of Documents.

7. Please state each and every fact which supports the allegations made by you in paragraph 66 of your Complaint that Officer Romero caused you to be falsely arrested and imprisoned. As a part of your answer, please state what you allege Officer Romero did or

failed to do that constituted a false arrest and imprisonment against you as alleged in paragraph 66 of your Complaint.

**ANSWER NO. 7**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 4 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I do not believe the Defendant had a reasonable belief that I physically resisting at the time of my arrest.

8. Please state each and every fact which supports the allegations made by you in paragraph 69 of your Complaint that Officer Romero violated our rights against malicious prosecution. As a part of your answer please state in precise detail what you allege Officer Romero did or failed to do that would have rose to the level of malicious prosecution against you as alleged in paragraph 69 of your Complaint.

**ANSWER NO. 8**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 4 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest, and he nevertheless maliciously instituted a criminal proceeding against me even though they he knew there was no legal basis for it.

9. Please state each and every fact which supports the allegations made by you in paragraph 72 of your Complaint that Officer Romero violated your rights through abuse of process. Include as a part of your answer each and every action or inaction that you allege Officer Romero did or failed to do that rose to the level of abuse of process against you as alleged in paragraph 72 of your Complaint.

**ANSWER NO. 9**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 4 above. For more details please see the documents and things provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. I don't believe that the Defendant had a reasonable belief that I was physically resisting or trying to evade arrest and, he nevertheless maliciously brought criminal proceedings against me in order to prevent and discourage me from pursuing claims for violation of my rights in this matter.

10. Please state with precise detail all information to support your allegations in paragraphs 50, 53, 67, 70 and 73 that the actions of Officer Romero caused you to incur great pain

4

and suffering and otherwise damaged you. Please state in specific detail each and every act by Officer Romero that you allege caused you great pain and suffering along with the precise pain and suffering that you incurred for each stated act, and how long you suffered for.

### ANSWER NO. 10

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 4 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. As a result of the Defendant actions, I sustained injuries to my arms and wrists that have resulted in chronic pain, muscle spasms, a loss of flexibility and mobility in my arms and hands. With respect to emotional injuries, I continue to suffer anxiety and fearfulness as a result of this incident. I am very nervous about encountering police officers, which makes me not want to leave my home. We reserve the right to supplement this answer.

11. Please state with precise detail all information to support your allegations in paragraphs 50, 53, 67, 70 and 73 that the actions of Officer Romero caused you to be "otherwise damaged." Please state in specific detail each and every way you were "otherwise damaged." Include as a part of your answer any physical, mental, emotional, educational, financial, and any other way you allege you were damaged.

### ANSWER NO. 11

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 2 above. For more details please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents. Also see my answer to Number 10 above. We reserve the right to supplement this answer.

12. In each individual way you allege you were damaged in your answer to interrogatory number 17, please state any expense you incurred or you project you will still incur for each type of damage you allege.

### ANSWER NO. 12

Objection. Plaintiff is not claiming loss of earnings capacity. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

13. Please state each and every fact upon which you rely in support of the allegations made by you in Counts I and II of your Complaint, that Officer Romero violated your rights under 42 U.S.C. 1983. Please specify in your answer exactly which rights under 42 U.S.C. §1983 were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 13**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waving said objection, see my answer to interrogatory No. 4 above. It is my understanding that my following rights may have been violated:

- My right to free from the excessive use of force during arrest;
- My right to be free from unreasonable warrantless intrusions into my home;
- My right to be free from unreasonable arrest and prosecution.

Also please see the documents provided in the Plaintiff's Initial Disclosures and in response to the Defendant Springfield's Requests for the Production of Documents.

14. Please state each and every fact upon which you rely in support of the allegations made by you in Counts VI, VII and VIII of your Complaint that Officer Romero violated your rights as defined under common laws of the Commonwealth of Massachusetts. Please specify in your answer exactly which rights under the common laws of the Commonwealth of Massachusetts were violated, how each right was violated and how each allegation relates to any damages you are claiming.

**ANSWER NO. 14**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. Subject to and without waiving said objection, please see my answer to Number 13 above.

15. If you experienced any financial difficulties because of the act(s) or omission(s) alleged in your Complaint, provide a full explanation. Please include description and cause of difficult(ies), when occurred, duration of occurrence, and severity.

**ANSWER NO. 15**

Not applicable.

16. If any of the difficulties for which you described above existed prior to the act(s) alleged in your Complaint, describe for each pre-existing condition how that condition was worsened by the act(s) or omission(s) alleged in your Complaint.

**ANSWER NO. 16**

Not applicable.

17. Please set forth the gross income claimed by you in your federal income tax return for the years 2008, 2009, 2010, 2011, 2012, 2013, 2014 and 2015.

**ANSWER NO. 17**

Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Plaintiff had no gross income during those years.

18. Please describe in complete detail what, if any, act(s) you have taken to mitigate your damages as a result of the occurrences alleged in your Complaint.

**ANSWER NO. 18**

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorneys. This interrogatory is also vague and not reasonably calculated to lead to the discovery of admissible evidence.

19. If you have lost any time from your work since the incident referred to in your Complaint solely because of injuries sustained in the incident, please state:

   a. The exact date you were able to return to work;
   b. The exact periods of work you lost, indicating the dates you did not work at all for a full day, and also indicating separately any partial time lost by stating the hours lost and the dates on which such occurred.

**ANSWER NO. 19**

Not applicable.

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated:        9-7-16                    _Lee Hutchins_
                                        Lee Hutchins

As to objections:

                              THE PLAINTIFF,

                              By   _Luke Ryan (bl)_
                              LUKE RYAN, BBO#664999
                              SASSON, TURNBULL, RYAN & HOOSE
                              100 Main Street, Third Floor
                              Northampton, MA  01060
                              (413) 586-4800

7

## Certificate of Service

On this day a copy of the foregoing Answer to Interrogatories was served prepaid mailing on all Attorneys of record.

Dated: