UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * *
                                 *
LEE HUTCHINS, SR.,               *
      Plaintiff,                 *
                                 *     CIVIL ACTION NO. 3:16-cv-30008
             v.                  *
                                 *
DANIEL J. MCKAY, FELIX M.        *
ROMERO, THOMAS HERVIEUX, and     *
THE CITY OF SPRINGFIELD          *
                                 *
      Defendants                 *
                                 *
                                 *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S ANSWERS TO DEFENDANT CITY OF SPRINGFIELD'S FIRST SET OF INTERROGATORIES

1. Please state your full name, date of birth, social security number, home address, telephone number, occupation and business address.

**ANSWER NO. 1**

Lee Hutchins, October 4, 1965, 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, 53 Daytona Street, Springfield, MA 01108, (413) 821-5526, unemployed/disabled.

2. If you received injuries of any nature as a result of this incident:
   a. Please list and describe each in specific detail, giving the exact location within or upon your body of all of your injuries, and the nature of your complaints (whether physical, emotional, nervous, mental, or psychological);
   b. If you have completely recovered from each such injury and complaint, state the date you recovered from each such injury or complaint;
   c. If you have not fully recovered from any injury or complaint, identify each of which you complain
   d. List separately all of your present disabilities and complaints, the frequency

and duration of your complaints of pain, etc. and the location of and the degree of any limitations of option you now have.

### ANSWER NO. 2

Objection, to the extent that this interrogatory calls for medical expertise which the plaintiff does not possess. Subject to and without waiving objection, as a result of the Defendants actions, I sustained injuries to my shoulders, arms and wrists that have resulted in chronic pain, muscle spasms, a loss of flexibility and mobility in my arms and hands. With respect to emotional injuries, I continue to suffer anxiety and fearfulness as a result of this incident. I am very nervous about encountering police officers, which makes me not want to leave my home. Also please see medical records provided for more details.

We reserve the right to supplement this answer.

3. If, as a result of any injuries sustained in the incident, you were unable to perform any of your normal and usual functions, duties, or activities of whatever nature at any time since the incident (which you were able to perform before the incident), please state each such function, duty, and activity you were unable to perform, and also separately state which functions, duties, or activities, if any, you are still able to perform, and why.

### ANSWER NO. 3

Objection, to the extent that this interrogatory calls for medical expertise which the plaintiff does not possess. Subject to and without waiving this objection, see my answer to Number 2 above. In addition, as a result of the incident described in my complaint, I have suffered chronic pain, muscle spasms, and a loss of flexibility and mobility in my arms and hands that makes everyday activities and chores more difficult to complete.

4. If you received any medical care or treatment from any doctor, psychiatrist, therapist, practitioner or medical care provider as a result of injuries received in said incident, please supply answers to the following:
   a. The date you first received such medical care or treatment, the name and address of the doctor, therapist, or other practitioner who first treated you and where (office, home, or hospital);
   b. The name and address of each such doctor, therapist, or other practitioner, indicating his or her specialty, if any, whom you have seen for medical care or treatment as a result of injuries you received in this incident;
   c. The injuries or complaints that each doctor, therapist, or other practitioner treated you for, the dates of care or treatment by each such doctor;

   d. The treatment given and the treatment prescribed by each doctor, therapist, or other practitioner; and
   e. Any medications prescribed, by whom, for what purpose, where obtained and the frequency and period of time from date to date over of which they were taken.

**ANSWER NO. 4**

Objection to the extent that this interrogatory calls for medical expertise which I do not have. Subject to and without waiving objection, please see medical records provided for more details. Also see my answers to Numbers 2 and 3 above. I believe all treatment I was received was at the Baystate High Street Health Center, 140 High Street, Springfield, MA.

We reserve the right to supplement this answer.

5. If you obtained psychological or psychiatric counseling, therapy and/or treatment because of the act(s) or omission(s) of the Defendants as alleged in your Complaint, please provide a full explanation. Please include the following as a part of your answer for each person listed:
   a. Name, address and phone number of the treating physician, psychiatrist, psychologist, counselor, therapist or medical facility if you received treatment;
   b. Type of treatment provided;
   c. Dates of treatment.

**ANSWER NO. 5**

Objection, to the extent that this interrogatory calls for medical expertise which the plaintiff does not possess. Not applicable.

6. Please state the witnesses' names, addresses, telephone numbers and a summary of the testimony expected to be given of the following:
   a. All persons who saw or heard, or claim to have seen or heard, or of any other person who claims to have any knowledge of any events or happenings which occurred at the time of or at the scene of the incident alleged in your Complaint, or of the events leading up to or immediately after the said incident or the condition of any of the parties during the 24-hour period prior to the incident;
   b. All persons who heard, or claim to have heard, any statements made by you, or of any Defendants, or of any other person concerning how the incident happened or the person(s) at fault in said occurrence;

3

    c. All persons who have, or claim to have, any knowledge concerning the injuries or damages sustained by you or others in the incident, other that the doctors you have previously mentioned;
    d. All persons who rendered or offered assistance at the scene of the incident, or gave their names, or assisted you in making any report of the incident.

**ANSWER NO. 6**

Please see list of witnesses in Plaintiff's Initial Disclosure. Plaintiff has made no decisions at this time regarding trial witnesses or anticipated testimony.

7. State the name and address of each person who you believe has knowledge of any facts relative to the treatment by any type of health care provided related to any events, transactions, or occurrences that are described in your Complaint or in any pleading setting forth a claim or defense in this action, and for each such person, state:
    a. A brief description of the matters pertaining to your claim about which that person may have knowledge;
    b. Whether you intend to call that person as a witness at trial, and if so, state the subject matter of that person's anticipated testimony.

**ANSWER NO. 7**

Objection to the extent that this interrogatory calls for medical expertise which I do not have. Subject to and without waiving objection, please see witness information contained in Plaintiff's Initial Disclosure and Plaintiff's Response No. 1 to the City's Request for the Production of Documents. Plaintiff has made no decisions at this time regarding trial witnesses or anticipated testimony.

8. Please identify each person whom you expect to call as an expert witness at trial, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and the qualifications of each expert listed to testify on the stated topic(s).

**ANSWER NO. 8**

Plaintiff has made no decisions at this time regarding trial experts or their anticipated testimony. Plaintiff will supplement this interrogatory as per applicable Court rules and orders.

9. Please state whether at any time either prior to or subsequent to the act(s) alleged in your Complaint, due to the act(s) alleged in your Complaint, you applied for and/or received any monies or benefits of any type whatsoever for unemployment, disability, welfare,

4

personal injury protection, social security, and/or workmen's compensation, setting forth the dollar amounts and periods involved.

## ANSWER NO. 9

No. I have not.

10. Please state each and every fact that supports your claim in Count IV of your Complaint that the City of Springfield has failed to discipline its officers who use excessive force or to train its officers to refrain from using excessive force. In your answer please:
    a. Identify and describe the failure to discipline and train;
    b. State the date on which the policy, practice, or custom commenced;
    c. State the names of the persons who failed to instruct, supervise, control, or discipline Defendants;
    d. State all the underlying facts upon which you base your answers to (a) and (b) above;
    e. State the names and addresses of all persons with knowledge of the underlying facts upon which you base your answers to (a), (b), and (c) above;
    f. Identify and describe all documents that support your answers to (a), (b), and (c) above.

## ANSWER NO. 10

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waving said objection, I believe the following Defendants were not properly trained in the following areas:

| *Defendant* | *Deficient Training Area* |
| --- | --- |
| Daniel J. McKay | <ul><li>Use of force during domestic encounters with civilians;</li><li>Use of force during arrest;</li><li>Rights of civilians to be free from unreasonable warrantless intrusions into their homes;</li><li>Rights of civilians to be free from unreasonable arrest and prosecution.</li><li>Intervention when witnessing a fellow officer violating an individual's constitutional rights.</li></ul> |

5

| | |
|---|---|
| Felix M. Romero | <ul><li>Use of force during domestic encounters with civilians;</li><li>Use of force during arrest;</li><li>Rights of civilians to be free from unreasonable warrantless intrusions into their homes;</li><li>Rights of civilians to be free from unreasonable arrest and prosecution.</li><li>Intervention when witnessing a fellow officer violating an individual's constitutional rights.</li></ul> |
| Thomas Hervieux | <ul><li>Use of force during domestic encounters with civilians;</li><li>Use of force during arrest;</li><li>Rights of civilians to be free from unreasonable warrantless intrusions into their homes;</li><li>Rights of civilians to be free from unreasonable arrest and prosecution.</li><li>Intervention when witnessing a fellow officer violating an individual's constitutional rights.</li></ul> |

In addition, please see Plaintiff's Initial Disclosure, Exhibit 40, IIU Investigation regarding prior misconduct allegations against Defendant Daniel J. McKay.

Plaintiff will be seeking to offer evidence personnel files regarding other Springfield Police officers (now subject to court protective order) who were found to have violated the Springfield Police Department's policies and procedures and were supposed to receive re-training and letters of reprimand, but were no such letters or re-training occurred.

We reserve the right to supplement this interrogatory answer.

11. Do you contend that there was a pattern of misconduct of members of the Springfield Police Department of which the City of Springfield was or should have been aware? If yes, state:
    a. The pattern of misconduct, including each and every act of members of the Springfield Police Department;
    b. The date when such pattern commenced;
    c. The names of each person involved in the pattern.

## ANSWER NO. 11

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, the City of Springfield was or should have been aware that members of the Springfield Police Department have been the subject of complaints and claims alleging the use of unlawful arrest and excessive force, among other civil rights violations, and they failed to adequately discipline and require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force during encounters with civilians. In addition, see answer to No. 10 above. We reserve the right to supplement this interrogatory answer.

12. Do you contend that the City of Springfield had actual or constructive knowledge of misconduct by the individually named Defendants? If yes, state:
    a. The misconduct of Defendants of which the City of Springfield have actual knowledge, the date of the misconduct, the victim(s) of the misconduct, and any document(s) that you rely upon in making this allegation and the date the knowledge was imparted to the City of Springfield;
    b. If constructive knowledge is relied upon, state the same as in (a) above and the date the board should have had knowledge.

## ANSWER NO. 12

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, please see answer to Nos. 10 and 11 above.

13. Do you contend that the City of Springfield approved or ratified prior misconduct of the individually named Defendants? If yes,
    a. State the name of each Defendant who engaged in prior misconduct;
    b. State the date(s) of misconduct;
    c. State the date of ratification or approval of his acts.

## ANSWER NO. 13

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, please see answers Nos. 10 and 11 above.

14. Please describe in detail each and every event that occurred, in the order of occurrence, on January 20, 2013, from the time the first officer arrived at Daytona Street until you were finished being processed at the Springfield Police Department. In your answer please state by name or physical description who said what and who performed each stated action.

## ANSWER NO. 14

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, at approximately 12:15am pm January 20, 2013, Defendants McKay and Romero arrived at my house and rang the doorbell, waking me and several other occupants. They told me they were there to get my grandson, Ivan. I told Defendants McKay and Romero that Ivan and Lee, Jr. were on the third floor sleeping and that I would go to upstairs and bring Ivan down to the officers. Defendant McKay and Romero did not wait for me to bring Ivan downstairs, and instead they entered my residence without permission. When my son Lee, Jr. was woken up and learned that child's mother, Vanessa Montero, was at our house with two police officers to take their child, he became upset and went down the back stairs to verbally confront Ms. Montero. Then Romero exited the residence and began using physical force to take Lee into custody.

As my other son, Keith, observed this interaction from the front porch, he reached the conclusion that Defendant Romero was using excessive force on Lee, Jr. This led to efforts on the part of Keith to aid Lee, Jr. This in turn prompted Defendant McKay to begin using force to arrest Keith. During the ensuing physical altercation, Defendant McKay ended on the bottom with Defendant Romero was top of them. At the same time, McKay was wildly swinging his baton at both Keith and Romero. In order assist the police in taking Keith into custody I yelled at McKay to stop swinging the baton so his partner could subdue Keith. He kept swinging wildly, so I attempted to grab McKay's baton to stop him. As I attempted to do so, Defendant McKay told me to let go of the baton or he would "mace" me. Before I could let go, he pepper-sprayed me.

At this point, Defendant Hervieux and his partner Christopher Goodrow arrived on the scene. Despite the fact that I was suffering the effects of the pepper-spray, Defendant Hervieux for no reason struck me twice with his baton, bringing me to the ground. I was then tightly handcuffed and left lying on the ground for approximately ten minutes before being placed in the cruiser and transported to the police station at 130 Pearl Street for booking.

15. Please state the substance of any oral communications or statements made immediately prior to, during or after your arrest, confinement or imprisonment:
    a. Made by you;
    b. Made by any witnesses (please provide name, address and telephone number);
    c. Made by any of the Defendants (please provide name, address and telephone number);
    d. Made by any law enforcement officer (please provide name, address and telephone number).

## ANSWER NO. 15

I don't remember the specifics of the conversations other than I was trying to calm the situation and pleading with the police to not harm my sons. In response I was basically told to keep my mouth shut. Also please see the statements made by parties included in the Plaintiff's Initial Disclosures and my answer to No. 14 above.

16. If there is any other information or evidence regarding any claim for entitlement to compensatory damages, please provide a full explanation of the information you wish to include.

## ANSWER NO. 16

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. In addition, it is vague and not reasonably calculated to lead to admissible evidence. Subject to and without waving said objection, see the documents and things provided in the Plaintiff's Initial Disclosures and in the Plaintiff's Responses to Production of Documents.

17. Please state each and every fact upon which you rely in support of the allegations in paragraph 58 of your Complaint that prior to January 20, 2013, the Defendant, City of Springfield, "developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Springfield."

## ANSWER NO. 17

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waving said objection, see my answer to Number 11 above. We reserve the right to supplement this answer.

18. Please state each and every fact upon which you rely in support of the allegations in paragraph 59 of your Complaint that the Defendant, City of Springfield, did not require appropriate "in-service training or re-training of officers who were known to use excessive and unnecessary force during street encounters with civilians."

## ANSWER NO. 18

Objection. This interrogatory calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waving said objection, see my answers to Numbers 10 and 11 above. We reserve the right to supplement this answer.

19. Please state each and every fact upon which you rely in support of the allegations in paragraph 60 of your Complaint that the policies and customs of the Defendant, City of Springfield, "demonstrated a deliberate indifference" by the Defendant's policy makers and thus were the cause of the violations of the violations of your rights as alleged in your Complaint.

**ANSWER NO. 19**

Objection. This request calls for the mental impressions, conclusions, opinions and legal theories of my attorney. Subject to and without waiving said objection, see my answers to Numbers 10 and 11 above. We reserve the right to supplement this answer.

I have read the forgoing answers to interrogatories, and the answers contained therein are true to the best of my knowledge, information and belief.

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: 9-07-16

_Lee Hutchins_
Lee Hutchins

As to objections:

THE PLAINTIFF,

By _Luke Ryan (ls)_
LUKE RYAN, BBO#664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, Third Floor
Northampton, MA 01060
(413) 586-4800

**Certificate of Service**

On this day a copy of the foregoing Answer to Interrogatories was served prepaid mailing on all Attorneys of record.

Dated: 9-08-16